**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Lyndel Toppin | : | |
| 146 S. 62nd Street | : | |
| Philadelphia, PA 19139 | : | CHAPTER 13 |
| | : | |
| Debtor. | : | Case No. 18-13098-MDC |

| | | |
|---|---|---|
| Lyndel Toppin | : | |
| | : | |
| Debtor/Plaintiff | : | |
| v. | : | Adv. Proc. No. 18- |
| | : | |
| Jewell Williams | : | **JURY TRIAL DEMANDED** |
| Sheriff of the City of Philadelphia | : | |
| In his official capacity | : | |
| Land Title Building - Fifth Floor | : | |
| 100 South Broad Street | : | |
| Philadelphia, PA 19110 | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT CONCERNING WILLFUL VIOLATIONS OF THE AUTOMATIC STAY BY DEFENDANT SHERIFF OF THE CITY OF PHILADELPHIA**

**TO THE HONORABLE BANKRUPTCY JUDGE: MAGDELINE D. COLEMAN:**

Mr. Toppin is a debtor in the above-stated bankruptcy and the Plaintiff in this adversary proceeding. Defendant, Sheriff of the City of Philadelphia was included in Mr. Toppin's bankruptcy and provided copious bankruptcy notice on at least 12 occasions by postal mail; facsimile; and telephone. Mr. Toppin was and is protected against Defendant's employment of process to recover a claim against the debtor that arose before the commencement of this case due to the power of the automatic stay. Yet, more than six weeks after it was placed on notice and knowledge of, Mr. Toppin's bankruptcy, Defendant continues to employ process by sending armed

Philadelphia Sheriff's to the debtor's personal residence on three ("3") separate dates - May 18, 2018; May 24, 2018; and May 30, 2018 in order to post humiliating bright red "**Notices to Vacate**," on Mr. Toppin's front door. And, Defendant continues to employ process by sending armed Philadelphia Sheriff's to the debtor's personal residence on three ("3") more separate dates - June 1, 2018; June 5, 2018; and June 7, 2018 in order to post humiliating bright red "**Eviction Notices**" on Mr. Toppin's front door in violation of the automatic stay.

## I.     JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 of the United States Code

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the unlikely event this case is determined to be a non-core proceeding (which is denied by the Plaintiff) then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## II.     PARTIES

5. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number 18-13098-MDC filed before this Court.

6.Defendant is the Sheriff of the City of Philadelphia and is being sued in that capacity. Defendant has an office located at Land Title Building - Fifth Floor, 100 South Broad Street, Philadelphia, PA 19110.

### III.FACTUAL ALLEGATIONS

7.On May 8, 2018 at 6.04 PM, Mr. Lyndel Toppin filed a Chapter 13 bankruptcy petition in a matter styled In re: Toppin, E.A. Pa. Bankr. No. 18-13098-MDC. See Ex. "A".

8.It is indisputable that on May 8, 2018 at 6.27 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3555. See Ex. "B".

9.It is indisputable that on May 8, 2018 at 6.28 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3971. See Ex. "C".

10.It is indisputable that on May 9, 2018 Debtor's Counsel telephoned Defendant at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "D"

11.It is indisputable that on May 10, 2018 at 11.28 AM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3555. See Ex. "E"

12.It is indisputable that on May 10, 2018 Debtor's Counsel telephoned Defendant at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "D"

13.It is indisputable that on May 10, 2018 at 11.31 AM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3555. See Ex. "F"

14.It is indisputable that on May 15, 2018 Debtor's Counsel telephoned Defendant at 215-686-3565 on two separate occasions and provided oral Notice of Bankruptcy Case Filing. See Ex. "D"

15.It is indisputable that on May 31, 2018 that the Court served Official Form 309A - Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline on the Philadelphia Sheriff's

Office at its preferred mailing address.  See Ex. "G".

16. It is indisputable that on June 5, 2018 Debtor's Counsel telephoned Defendant at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing.

17. It is indisputable that on June 7, 2018 at 4.18 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3555. See Ex. "H"

18. It is indisputable that on June 7, 2018 Debtor's Counsel telephoned Defendant at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "D"

19. Despite ample notice of the underlying bankruptcy, Defendant continues to violate the statutory injunction imposed by 11 U.S.C. § 362 on at least six ("6") separate occasions. See Ex. I, J, K, L, M, and N.

20. There is a governmental interest in preventing the unique harm that occurs in regard to violations of the Bankruptcy Code.

21. The Bankruptcy Code and the notices to Defendant, as stated above, place Defendant on fair notice of the damages that may be imposed due to the violation of its orders and injunctions, including the imposition of punitive damages.

22. The degree of reprehensibility of the collection practices and actions is high for the reasons that (1) the financial vulnerability of the target, Mr. Toppin, is evident by his bankruptcy filing, and (2) the harm is more than economic in nature. Core bankruptcy rights of Mr. Toppin have been violated.

23. Mr. Toppin's breathing spell has been thwarted. Should the collection practices and actions of Defendant continue and/or succeed, the fresh start promised Mr. Toppin will be imperiled.

24. The injury to Mr. Toppin, in terms of describing and understanding the full

consequences of violating the core bankruptcy rights of Mr. Toppin, is hard to detect.

25. The full monetary value of non-economic harm associated with the collection practices and actions of Defendant is difficult to determine.

26. The resources necessary to police the conduct of Defendant and to prevent the unique harm that has occurred post-petition are lacking on the part of Mr. Toppin.

27. The above-stated collection practices or actions of Defendant have resulted and are resulting in a substantial amount of undue frustration, anxiety and mental anguish or distress on the part of Mr. Toppin, which is more than fleeting and inconsequential. The harm stated is substantiated by the facts of this Complaint alone. Although not limited to the list below, the distress has manifested itself as follows:

A. Violation of the core bankruptcy rights and Constitutional rights.

B. Headaches.

C. Loss of sleep.

D. Anxiety.

E. Shock of conscience.

F. Impaired enjoyment of life.

G. A sense of dread.

H. A sense of failure.

I. A lack or diminution of self-worth.

J. A significant amount of stress.

K. Harassment.

L. Distraction.

M. A sense of embarrassment and discomfort that is greater than the general level of

embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

## IV. WILLFUL VIOLATION OF THE AUTOMATIC STAY

28. The filing of the bankruptcy case of Mr. Toppin constitutes, and constituted, an order for relief pursuant to 11 U.S.C. § 301(b). This includes the imposition of the automatic stay (which is similar to an injunction issued by this Court) pursuant to 11 U.S.C. § 362(a). Therefore, the actions or conduct of Defendant violated, or are violating, 11 U.S.C. § 362(a)(1), (3), (4), (5), and/or (6), for which there is no exception to the automatic stay pursuant to 11 U.S.C. § 362(b).

29. As stated and demonstrated in the Facts, above:

    a. The eligibility of Mr. Toppin to be a debtor in bankruptcy is not in question.

    b. His bankruptcy case is pending and his plan was submitted to the Court.

    c. The automatic stay took effect immediately upon his file date and has neither been terminated nor modified to permit the actions and conduct of Defendant as complained herein.

    d. The violations are willful for the reasons that (1) Defendant had notice and/or knowledge of Mr. Toppin's bankruptcy, and (2) the actions or conduct as stated were, or are, intentional, whether or not there was, or is, a specific intent to violate the automatic stay, or whether or not Defendant had a good faith belief that it had a right to undertake the actions or conduct it has actually undertaken.

    e. Mr. Toppin suffered injury in fact as a result of the actions and conduct stated for his core bankruptcy rights have been willfully violated.

## V. ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

30. Due to the conduct or action of Defendant, as described, it may become necessary for this Court to take action to enforce the injunctions, orders and Bankruptcy Code provisions and rules resulting from Mr. Toppin's bankruptcy, including, but not limited to:

　　a. Finding Defendant in contempt for failing to abide by the orders, injunctions, Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

　　b. Issuing any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violations of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or

　　c. Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. § 105.

## VI. DAMAGES

31. Pursuant to 11 U.S.C. § 362(k)(1) and/or § 105 the causes of action stated above mandate the imposition of actual damages, and the consideration of punitive damages, including:

　　a. **Personal Actual Damages**: Actual damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including the value of the personal time of Mr. Toppin in having to deal with the conduct and actions of Defendant, and in having to participate in this adversary proceeding.

　　b. **Attorneys' Fees And Expenses As Actual Damages**: It was necessary to employ Stephen M. Dunne and his law firm, Dunne Law Offices, P.C., to represent Mr. Toppin in advising, preparing and participating in this adversary proceeding.

    c.    **Emotional Injuries As Actual Damages**: The actual manifestations suffered by Mr. Toppin are detailed above for which the Court should consider to determine the proper amount of actual damages to compensate for his emotional injuries.

    d.    **Punitive Damages**: Punitive damages should be awarded to Mr. Toppin for the reasons that:

        i.    **Appropriateness Per The U.S. Supreme Court Standard**: Per the Supreme Court of the United States, an award of punitive damages is appropriate for the reasons that: (1) Defendant has received fair notice of the possibility of an award of punitive damages; (2) as evidenced by his bankruptcy, the financial vulnerability of Mr. Toppin is evident; (3) the harm or injury inflicted on Mr. Toppin is more than economic in nature; (4) if the conduct or actions of Defendant are allowed to succeed, it would further imperil the fresh start of Mr. Toppin; (5) the injury in this case is hard to detect; and/or (6) the monetary value of non-economic harm is difficult to determine.

        ii.    **Appropriateness Per The 3rd Circuit Standard** : The 3rd Circuit Court of Appeals has stated that an egregious conduct standard is at least appropriate for an award of punitive damages. The Court defines egregious as conduct which was "reckless" or "callous" indifference to the federally protected rights of others. The conduct and action of Defendant, as highlighted in the Facts, is at least reckless in light of its knowledge of Mr. Toppin's

bankruptcy. Any serious contest of this adversary proceeding by Defendant should be considered callous.

e. **Prejudgment Interest** : Any award of damages should contain an award of prejudgment interest.

f. **Post Judgment Interest** : Any judgment issued by this Court should allow for the accrual of interest for any unpaid balance at the rate for federal judgments, as based on the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Mr. Toppin that the Court will:

1. Find that Defendant violated one or more of the automatic stay provisions in the underlying bankruptcy;

2. Find that the violations of the automatic stay by Defendant were or are willful and/or intentional;

3. Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendant, the issuance of any declaratory judgment, and/or the issuance of any injunction;

4. Sanction or award against Defendant all actual damages for all financial and non-financial harm or injury incurred by Mr. Toppin;

5. Sanction or award against Defendant and to Mr. Toppin, and for the benefit of Stephen M. Dunne, all of the attorneys' fees, costs and expenses incurred with Stephen M. Dunne, and the Dunne Law Offices, P.C., in representing Mr. Toppin in these matters;

6. Sanction or award against Defendant and to Mr. Toppin emotional distress damages;

    7.      Sanction or award against Defendant and to Mr. Toppin punitive damages;

    8.      Award prejudgment interest;

    9.      Award post judgment interest; and Grant any and all other relief in equity or in law to which Mr. Toppin may be entitled.

## V.    DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. Fed. R. Bankr. P. 9015(b).

Respectfully submitted:

Dated: June 11, 2018

BY: /s/ *Stephen M. Dunne*
**Stephen M. Dunne, Esquire**
1515 Market Street, Suite. 1200
Philadelphia, PA 19102
(215) 551-7109 Phone
Fax: (215) 525-9721
Email: stephen@dunnelawoffices.com