## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: | : |
|  | : Chapter 13 |
| LYNDEL TOPPIN, | : |
|  | : Bankruptcy No. 18-13098 (MDC) |
| Debtor. | : |

|  |  |
|---|---|
| LYNDEL TOPPIN, | : |
|  | : |
| Plaintiff, | : Adv. Pro. No. 18-00137 (MDC) |
|  | : |
| v. | : |
|  | : |
| JEWELL WILLIAMS SHERIFF | : |
| OF THE CITY OF PHILADELPHIA and | : |
| ABDELDAYEM HASSAN a/k/a | : |
| ABDELDYEM HASSAN, | : |
|  | : |
| Defendant | : |

**ANSWER TO AMENDED COMPLAINT CONCERNING WILLFUL VIOLATIONS OF THE AUTOMATIC STAY BY DEFENDANTS SHERIFF OF THE CITY OF PHILADELPHIA AND ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN**

**AND NOW COMES** Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his Counsel, Megan N. Harper, Deputy City Solicitor, to answer the Amended Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan (the "Adversary Complaint") filed by Lyndel Toppin (the "Debtor"). The Sheriff avers the following in support thereof:

The allegations set forth in the prefatory statement of the Adversary Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

## I. JURISDICTION AND VENUE

1. Denied as stated. This proceeding does not arise and is not related to a Chapter 7 case under Title 11 of the United States Code.

2. Admitted in part. Denied in part. It is admitted only that this Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2). It is specifically denied that 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2) grants the Court personal jurisdiction.

3. Denied. The allegations of paragraph 3 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

4. Denied. It is denied that venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## II. PARTIES

5. Admitted.

6. Admitted.

7. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 7. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

## III. FACTUAL ALLEGATIONS

8. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 8. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

9. Admitted.

10. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 10. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

11. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 11. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

12. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 12. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

13. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 13. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

14. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 14. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

15. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 15. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

16. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 16. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

17. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 17. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

18. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 18. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

19. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 19. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

20. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 20. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

21. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 21. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

22. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 22. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

23. Denied. The allegations of paragraph 23 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

24. Denied. It is specifically denied that the automatic stay at 11 U.S.C. § 362(a) required the Sheriff to take positive action necessary to give effect to the automatic stay. By way

of further response, the allegations of paragraph 24 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

25.    Denied. It is specifically denied that the automatic stay at 11 U.S.C. § 362 stayed the Issuance of a Writ of Possession of Real Property in this instance as the Writ was issued May 7, 2018, the day before the Debtor petitioned for Chapter 13 relief. By way of further response, the allegations of paragraph 25 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

26.    Denied. The allegations of paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

27.    Denied. It is specifically denied that the Sheriff is a creditor of the Debtor. By way of further response, the allegations of paragraph 27 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

28.    Denied. The allegations of paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

29.    Denied. The allegations of paragraph 29 are not directed to the Sheriff, accordingly, no response is required.

30.    Denied. The allegations of paragraph 30 are not directed to the Sheriff, accordingly, no response is required.

31. Denied. The allegations of paragraph 31 are not directed to the Sheriff, accordingly, no response is required.

32. Denied. The allegations of paragraph 32 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

33. Denied. The allegations of paragraph 33 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

34. Denied. The allegations of paragraph 34 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

35. Denied. The allegations of paragraph 35 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

36. Denied. The allegations of paragraph 36 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

37. Denied. The allegations of paragraph 37 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

38. Denied. The allegations of paragraph 38 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

39.	Denied. The allegations of paragraph 39 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

40(A) – (M).	Denied. The allegations of paragraphs 40(A) through (M) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### IV.	WILLFUL VIOLATION OF THE AUTOMATIC STAY

41.	Denied. It is specifically denied that there are no applicable exceptions to the automatic stay pursuant to 11 U.S.C. § 362(b). By way of further response, the allegations of paragraph 41 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

42	(a).	Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraphs 42(a). The allegations are therefore denied and strict proof thereof is demanded at time of trial.

(b)	Admitted.

(c)	Denied as stated. The Sheriff denies any action or conduct taken implicated the automatic stay.

(d)	Denied. The allegations of paragraph 42(d) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

(e)	Denied. The allegations of paragraph 42(e) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### V.   ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

43(a) – (c).   Denied. The allegations of paragraphs 43(a) through (c) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### VI.   DAMAGES

44(a) – (f).   Denied. The allegations of paragraphs 44(a) through (f) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE,** the Sheriff demands that the relief sought by the Debtor in the Adversary Complaint be denied, that judgment be entered in favor of the Sheriff and that the Court grant such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

The Sheriff, by way of further response to the Adversary Complaint, hereby pleads the following affirmative defenses:

1. The Adversary Complaint fails to state a cause of action upon which relief can be granted.

2. The Sheriff did not violate the automatic stay pursuant to 11 U.S.C. § 362(a).

3. The Sheriff's actions fall under one or more exceptions to the automatic stay pursuant to 11 U.S.C. § 362(b).

4. Execution of a writ of possession is a ministerial act that does not implicate the automatic stay of 11 U.S.C. § 362(a).

5. The Sheriff is entitled to quasi-judicial immunity from suit for actions taken to enforce a facially valid order of court.

6. Punitive damages cannot be awarded against the Sheriff pursuant to 11 U.S.C. § 106(a)(3).

7. Emotional distress damages cannot be awarded against the Sheriff pursuant to 11 U.S.C. § 106(a)(5) and the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, *et seq.*

**WHEREFORE,** the Sheriff demands that the relief sought by the Debtor in the Adversary Complaint be denied, that judgment be entered in favor of the Sheriff and that the Court grant such other relief as the Court deems just and proper.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: July 19, 2018     By:     */s/ Megan N. Harper*
MEGAN N. HARPER
Deputy City Solicitor
PA Attorney I.D. 81669
Attorney for the City of Philadelphia
City of Philadelphia Law
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov