IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
In re:                                              :
                                                    :   Chapter 13
                                                    :
LYNDEL TOPPIN,                                      :
                                                    :   Bankruptcy No. 18-13098 (MDC)
             Debtor.                                :
---------------------------------------------------------x
---------------------------------------------------------x
                                                    :
LYNDEL TOPPIN,                                      :
                                                    :
                                                    :   Adv. Pro. No. 18-00137 (MDC)
             Plaintiff,                             :
                                                    :
      v.                                            :
                                                    :
JEWELL WILLIAMS SHERIFF                             :
OF THE CITY OF PHILADELPHIA and                     :
ABDELDAYEM HASSAN a/k/a                             :
ABDELDYEM HASSAN,                                   :
                                                    :
             Defendant                              :
---------------------------------------------------------x

**THE SHERIFF OF THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his Counsel, Megan N. Harper, Deputy City Solicitor, hereby files the following Memorandum of Law in Support of Motion for Judgment on the Pleadings.

**Procedural and Factual Background**

On June 11, 2018, Lyndel Toppin ("Debtor") filed suit against the Sheriff of the City of Philadelphia, in his official capacity, for alleged willful violations of the automatic stay. The Complaint claims the Debtor gave the Sheriff notice of his bankruptcy proceedings on numerous occasions and that the Sheriff continued post-petition efforts to enforce a pre-petition judgment of possession via a writ of possession against unknown occupants at the premises located at 146 S.

62nd Street, Philadelphia, Pennsylvania. *See* Complaint[1] [Docket No. 3] at pp. 1-2. On July 19, 2018, the Sheriff filed an Answer to the Complaint asserting, among other defenses, that the Complaint fails to state a claim upon which relief can be granted. *See* the Sheriff's Answer to Complaint [Docket No. 7] at pp. 8-9.

The writ of possession was issued by the Office of Records of the First Judicial District on May 7, 2018, the day before the bankruptcy petition was filed. *See* Complaint at Exhibit K [attached to Docket No. 1]. The Complaint does not allege that the writ of possession was defective in any way, yet the Debtor argues that the Sheriff was obligated to ignore a facially valid writ upon receiving notice of the Debtor's bankruptcy filing. *Id.* at ¶ 24.

It is not the Sheriff's Office's burden to discern whether the filing of a bankruptcy petition has any impact on the performance of its official duty under these circumstances. The Complaint correctly states that the law places the burden on the creditor, co-defendant Abdeldayem Hassan, to prevent violations of the automatic stay, not the Sheriff. *Id.* at ¶¶ 27, 29, 30 and 31.[2] The Sheriff, on the other hand, has not only the burden, but a mandate to enforce a facially valid state court order. The Sheriff is immune from any civil action for damages for conduct authorized by court order and is entitled to judgment on the pleadings in this case. Moreover, the Sheriff's mandate to act is so clearly set forth in the law that execution of the writ is a ministerial act that does not implicate the automatic stay.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion for Judgment on the Pleadgins.

[2] *See In re Westman*, 300 B.R. 338, 345 (Bankr. D. Minn. 2003), *see also, In re Brown*, No. BR 12-14058, 2012 WL 3908029, at *4–5 (Bankr. E.D. Pa. Sept. 7, 2012) (duty to act affirmatively to prevent a violation of the bankruptcy stay applies when the creditor commenced judgment execution prior to the bankruptcy filing and sheriff acted post-petition in furtherance of execution),

**Legal Standard**

A motion for judgment on the pleadings based on the defense of failure to state a claim must be analyzed under the same standards that apply to Rule 12(b)(6), made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7012. *Revell v. Port Auth. Of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). A motion for judgment on the pleadings should be granted if the movant establishes that there are no material issues of fact, and he is entitled to judgment as a matter of law. The Court must accept all allegations in the Complaint as true and draw all reasonable inferences in favor of the Debtor. *Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied*, No. 17-1234, 2018 WL 1173874 (U.S. June 11, 2018). The Court may not, however, accept unsupported conclusory statements. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 263 (3d Cir. 2008).

**Argument**

**A.    The Sheriff is Entitled to Quasi-Judicial Immunity**

The Sheriff cannot be held liable for violating the automatic stay provision at Section 362(a) of the Bankruptcy Code because the Sheriff is entitled to quasi-judicial immunity. The doctrine of quasi-judicial immunity provides absolute immunity to persons executing valid court orders from civil actions for damages challenging conduct authorized by the order. *See Coverdell v. The Department of Social and Health Services, State of Washington,* 834 F.2d 758, 764-765 (9th Cir. 1987); *see also Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 772–73 (3d Cir. 2000).

> The rational for immunizing persons who execute court orders is apparent. Such persons are themselves 'integral parts of the judicial process.' *Briscoe v. LaHue*, 460 U.S. 325, 355, 103 S.Ct. 1108, 1116, 75 L.Ed.2d 96 (1983). The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised.

*Coverdell*, 834 F.2d at 765. Thus, the doctrine "is not for the benefit of the defendant actor but rather for the benefit of the public whose interest it is that quasi-judicial officers should be at liberty to exercise their functions unfettered by fear of legal consequences." *Madison v. Gerstein*, 440 F.2d 338 (C.A.5, 1971).

There are numerous examples of courts extending quasi-judicial immunity to sheriffs and sheriff's deputies carrying out orders of court. The Third Circuit has held that the York County Sheriff carrying out a foreclosure sale pursuant to a facially valid court order is entitled to quasi-judicial immunity. *See Conklin v. Anthou*, 495 F. App'x 257, 264 (3d Cir. 2012); *see also Watkins v. City of Philadelphia*, No. CV 17-0060, 2017 WL 3394618, at *2 (E.D. Pa. Aug. 8, 2017). The United States District Court for the Eastern District of Pennsylvania found the Sheriff and then Acting Sheriff Barbara Deeley were entitled to quasi-judicial immunity for executing a facially valid writ following judgment in an action for ejectment. *Jamaladdin v. Dietterick*, No. CIV.A. 12-4686, 2013 WL 331336, at *1-*2 (E.D. Pa. Jan. 29, 2013). The Third Circuit also applied the doctrine to the Sheriff of Allegheny County when the Court found that an order of a judgment entered in Family Division proceedings may not serve as a basis for a civil action for damages against the Sheriff whose deputies jailed a party to the proceedings based upon those orders. *See Addlespurger v. Corbett*, 461 F. App'x 82, 85–86 (3d Cir. 2012).

Here, the Sheriff enforced a facially valid writ of possession against unknown occupants at 146 S.62nd St. and he is entitled to absolute quasi-judicial immunity for conduct in furtherance of execution.

4

**B.    Execution of the Writ is a Ministerial Act Not Subject to the Automatic Stay**

The Sheriff's mandate to enforce the writ is so clear that the Court may alternatively find the act of execution is a ministerial act that is not subject to the automatic stay. The Pennsylvania Rules of Civil Procedure provide that a judgment for possession *shall* be enforced by a writ of possession. Pa.R.C.P. No. 3160. The use of word "shall" in the Rule makes the issuance and execution of the order a ministerial act rather than a judicial function. *See e.g., In re Williams*, 371 B.R.102, 111 (Bankr. E.D. Pa. 2007). When an official's duty delineated by law with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial. *In re Soares*, 107 F.3d 969, 974 (1st Cir. 1997). Thus, the Sheriff was performing a ministerial function in executing the writ of possesion at the direction of the judge. *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir. 1975).

"Ministerial acts, even if undertaken post-petition within the context of a judicial or other court proceeding do not violate the automatic stay, in particular § 362(a)(1)." *In re Pulcini,* 261 B.R. 836, 834 (Bankr. W.D. Pa. 2001) (citations omitted). The Sheriff had no discretion in performing his official duty when executing the writ on unknown occupants at the property and any post-petition efforts to enforce the writ are not in violation of the automatic stay.

WHEREFORE, the City respectfully requests that the Court grant the Motion for Judgment on the Pleadings and dismiss the Complaint with prejudice as to the Sheriff and grant such other and further relief as this Court deems appropriate.

                                                  Respectfully submitted,

                                                  THE CITY OF PHILADELPHIA

Dated: August 15, 2018        By:   */s/ Megan N. Harper*
                                                    MEGAN N. HARPER
                                                    Deputy City Solicitor
                                                    PA Attorney I.D. 81669
                                                    City of Philadelphia Law Department
                                                    Municipal Services Building
                                                    1401 JFK Boulevard, 5th Floor
                                                    Philadelphia, PA  19102-1595
                                                    215-686-0503 (phone)
                                                    Email: Megan.Harper@phila.gov