IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------x
In re:                                            :
                                                  :    Chapter 13
LYNDEL TOPPIN,                                    :
                                                  :    Bankruptcy No. 18-13098 (MDC)
        Debtor.                                   :
---------------------------------------------------x
---------------------------------------------------x
                                                  :
LYNDEL TOPPIN,                                    :
                                                  :    Adv. Pro. No. 18-00137 (MDC)
        Plaintiff,                                :
                                                  :
        v.                                        :
                                                  :
JEWELL WILLIAMS SHERIFF                           :
OF THE CITY OF PHILADELPHIA and                   :
ABDELDAYEM HASSAN a/k/a                           :
ABDELDYEM HASSAN,                                 :
                                                  :
        Defendant                                 :
---------------------------------------------------x

### THE SHERIFF OF THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW REGARDING PLAINTIFF'S RIGHT TO A JURY TRIAL

Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his Counsel, Megan N. Harper, Deputy City Solicitor, hereby files the following Memorandum of Law Regarding Plaintiff's Right to a Jury Trial.

**Procedural and Factual Background**

Debtor-Plaintiff, Lyndel Toppin ("Plaintiff"), commenced this adversary Proceeding against the Sheriff and co-defendant Abdeldayem Hassan alleging willful violations of the automatic stay under Section 362(a) of Chapter 11 of title 11 of the United States Code § 101, *et seq.* (the "Bankruptcy Code") for post-petition enforcement of a writ of possession against unknown occupants at 146 S. 62nd Street, Philadelphia, Pennsylvania.

According to the Plaintiff, execution of the writ was: 1) the commencement or continuation of a judicial proceeding; 2) the enforcement of a judgment against the Debtor or property of the estate, and; 3) an act to obtain possession of property of the estate or property from the estate. *See* Amended Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan (the "Complaint") [Docket No. 3] at p. 2.

The Plaintiff seeks injunctive relief and damages including emotional distress damages, punitive damages, and costs and attorney's fees pursuant to Sections 362(k) and 105 of the Bankruptcy Code. *See* Complaint, pp. 8-12. The Plaintiff concedes that the adversary proceeding and is related to the case under Chapter 13 of Title 11 of the United States. Code. *See* Complaint, p. 3, ¶ 1. The Plaintiff also concedes that the adversary proceeding is a core proceeding and consents to the entry of a final order by the Bankruptcy Judge. *Id*. at p. 3, ¶ 3. The Complaint, however, includes a demand for a jury trial. For the reasons indicated below, the Plaintiff is not entitled to a Jury Trial.

### Argument

The Seventh Amendment to the Constitution of the United States preserves a right to trial by jury only if the cause of action is legal in nature and involves a private right. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42 n. 4 109 S.Ct. 2782, 2790 n. 4 (1989). The U.S. Supreme Court has established a three-step test for determining when there is a constitutional right to a jury trial in a bankruptcy proceeding:

> "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v. United States,* 481 U.S. 412, 417–418, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987) (citations omitted). The second stage of this analysis is

> more important than the first. *Id.* at 421, 107 S.Ct. at 1837. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder.

492 U.S. at 42, 109 S.Ct. at 2790. In analyzing the first step, it is generally accepted that a claim for breach of the automatic stay does not resemble any 18th century cause of action. *See e.g.*, *In re Valley Steel Prod. Co., Inc.*, 147 B.R. 189, 192 (Bankr. E.D. Mo. 1992); *In re Calderon,* 497 B.R. 558, 561-62 (Bankr. E.D. Ark. 2013), *see also, In re Glenn*, 359 B.R. 200, 203 (Bankr. N.D. Ill. 2006) ("Indeed, I am not aware of anything resembling the automatic stay in English law at that time. . ."). Congress created an action for violation of the automatic when it enacted the Bankruptcy Code and there is no equivalent cause of action at common law.

Regarding the second step, the Plaintiff seeks a traditional equitable remedy in the form of injunctive relief, but such request was made only if it became necessary, which evidently it did not. The crux of the Complaint is for alleged stay violations for which the Plaintiff claims the remedy is monetary damages including punitive damages. Such remedies are generally found to be legal in nature and may entitle the Plaintiff to a jury trial. *See e.g., In re Glenn*, 359 B.R. at 203; *In re Calderon*, 497 B.R. at 562; *see also, In re Gordon*, 209 B.R. 414, 417 (Bankr. N.D. Miss. 1997) (standing alone, a claim for violation of the automatic stay is legal in nature). The balance of the first two steps appear to weigh in favor of a jury trial.

Turning to the third step, the issue becomes whether the Seventh Amendment confers upon a plaintiff the right to a jury trial where Congress has may and has assigned resolution of his claim to a non-Article II tribunal, such as United States Bankruptcy Courts. There is no question that Congress has conferred the right to adjudicate Section 362(k) claims for violations of the automatic stay. Section 157(b)(2)(G) of the Bankruptcy Code defines core matters to include "motions to

terminate, annul, or modify the automatic stay." *In re Glenn*, 359 B.R. 200, 203 (Bankr. N.D. Ill. 2006). Although stay violations are not expressly identified as a core matter, "The prefatory language 'not limited to' indicates that subsection (b)(2)(G) does not purport to list the exclusive core proceedings involving the automatic stay." *In re Calderon*, 497 B.R. at 564 (citations omitted). As the Plaintiff has conceded and the Sheriff does not contest, a proceeding under Section 362(k) of the Bankruptcy Code is a proceeding arising under title 11 and is a core proceeding. Thus, Congress *has* assigned this Court the right to adjudicate Plaintiff's claim for alleged stay violations.

Whether Congress *may* assign adjudication of Section 362(k) claims to non-Article III Courts depends upon whether such claim asserts a "public right." The crucial question is whether Congress has created a seemingly "private right" that is integrated into a federal regulatory scheme. *Granfinanciera*, 492 U.S. 33, 55. Rights created by Section 362(k) are so fundamental to the bankruptcy scheme that they are appropriately adjudicated by a bankruptcy judge sitting without a jury and should be viewed as "public rights." *See e.g., In re Glenn*, 359 B.R. 200; *In re Valley Steel Prod. Co., Inc.*, 147 B.R. 189; *In re Periera v. Chapman*, 92 B.R. 903 (D.Cal. 1988); *In re Gonzalez*, No. 02-05485 BKT, 2010 WL 3395677 (Bankr. D.P.R. Aug. 23, 2010); *and In re Calderon*, 497 B.R. 558.

WHEREFORE, the Sheriff respectfully requests that the Court strike the Plaintiff's request for a jury trial.

                                         Respectfully submitted,

                                         THE CITY OF PHILADELPHIA

Dated: September 19, 2018        By:    */s/ Megan N. Harper*
                                                MEGAN N. HARPER
                                                Deputy City Solicitor

PA Attorney I.D. 81669
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov