IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------x
In re: :
: Chapter 13
:
LYNDEL TOPPIN, :
: Bankruptcy No. 18-13098 (MDC)
:
Debtor. :
---------------------------------------------------x
---------------------------------------------------x
:
LYNDEL TOPPIN, :
:
: Adv. Pro. No. 18-00137 (MDC)
Plaintiff, :
:
v. :
:
JEWELL WILLIAMS SHERIFF :
OF THE CITY OF PHILADELPHIA and :
ABDELDAYEM HASSAN a/k/a :
ABDELDYEM HASSAN, :
:
Defendant :
---------------------------------------------------x

**THE SHERIFF OF THE CITY OF PHILADELPHIA'S OBJECTION TO
MOTION FOR LEAVE TO AMEND ADVERSARY COMPLAINT**

Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his Counsel, Megan N. Harper, Deputy City Solicitor, hereby files the following Objection to Lyndel Toppin's Motion for Leave to Amend Adversary Complaint.

Lyndel Toppin (the "Debtor") seeks to amend his Amended Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan (the "Complaint") [Docket No. 3] to add "essential omitted facts." The facts the Debtor seeks to add do not support any new claims and are irrelevant to the existing claims for alleged willful stay violations. The "essential facts" serve no other purpose than to call into question the validity of two state court judgments. This Court is barred

from reviewing the judgments pursuant to the Rooker-Feldman Doctrine and the Debtor's apparent bid to hold the Sheriff civilly liable for the alleged legal infirmity of the judgments is contrary to public policy. The Motion for Leave to Amend Adversary Complaint (the "Motion") [Docket No. 23] should be denied on grounds that the proposed amendment is both futile and unduly prejudicial.

## PROCEDURAL AND FACTUAL BACKGROUND

On June 11, 2018, the Debtor filed suit against the Sheriff of the City of Philadelphia, in his official capacity, for alleged willful violations of the automatic stay. The Complaint claims the Debtor gave the Sheriff notice of his bankruptcy proceedings on numerous occasions and that the Sheriff continued post-petition efforts to enforce a facially valid pre-petition judgment of possession via a writ of possession against unknown occupants at the premises located at 146 S. 62nd Street, Philadelphia, Pennsylvania. *See* Complaint at pp. 1-2.

On August 15, 2018, the Sheriff filed a Motion for Judgment on the Pleadings [Docket No. 10] arguing, in part, that he was entitled to absolute immunity from civil liability for acts in execution of a valid court order pursuant to the doctrine of quasi-judicial immunity. A hearing on the Sheriff's Motion for Judgment on the Pleadings was held on September 25, 2018. The Court has taken the matter under advisement.

On September 26, 2018, the Debtor filed the Motion. The Debtor contends in the Motion that "recently discovered" or "new" facts are "essential" to the Complaint. *See* Motion, ¶¶ 4, 7 and 8. The Motion fails to plainly identify the proposed amendments to the Complaint. A review and comparison of the Complaint and the proposed amendment has identified the following additional factual statements:

8. Debtor owns and resides in his long-time home at 146 S. 62nd Street, Philadelphia, PA 19139 (the "Property") and is the rightful owner of the property.

9. On or around April 14, 2015, the City of Philadelphia (the "City") filed a Petition for a Rule to Show Cause in the Court of Common Pleas seeking permission to sell Debtor's interest in his home in satisfaction of alleged delinquent real estate taxes from 2012 through 2013 in a total amount of $1,959.67, including claimed principal of $1,052.26, interest, penalty, attorney fees and lien costs. (hereinafter "2015 City Tax Action").

10. On or about April 28, 2015, the Court of Common Pleas for the City of Philadelphia issued a Rule granting the City's Petition to show cause why a Decree should not be entered permitting the sale of the Property.

11. In violation of the requirements of the Municipal Claims Tax Lien Claims Act the Rule did not provide for a hearing. City of Philadelphia v. Manu, 76 A.3rd 601, 605-608 (Pa. Cmwlth. 2013).

12. On or about August 20, 2015 the Court of Common Pleas for the City of Philadelphia issued a Decree permitting the Property to be sold by the Sheriff.

13. This order was facially and fatally defective as it was issued in the absence of a hearing and without a hearing the court was

without authority to order the sale. City of Philadelphia v. Manu, 76 A.3rd at 605-608.

14. The Philadelphia Sheriff's Office sold the Property at a tax sale on or about October 5, 2017.

15. Abdeldayem Hassan a/k/a Abdeldyem Hassan was the winning bidder for a bid of $30,000.00.

16. At the time of the sheriff sale, the approximate Fair Market Value of the Property was between $90,0000 and $120,000.00.

17. On or before November 3, 2017 Defendant Abdeldayem Hassan paid $27,000 to the sheriff in addition to $3,000.00 which was paid by Abdeldayem Hassan at the time of the sale.

18. On November 10, 2017 Jewell Williams, Sheriff of the County of Philadelphia, acknowledged a deed to Abdeldayem Hassan.

19. The Sheriff's Deed was recorded on November 10, 2017.

20. Abdeldayem Hassan had no interest at all in Debtor's interest in his home until the Sherriff acknowledged the deed to him.

21. After the Sheriff acknowledged the deed, Abdeldayem Hassan owned only a defeasible title, subject to Mr. Toppin's statutory right to redeem the Property and right to possession during the redemption period.

22. Pursuant to 53 P.S. § 7293(a), Debtor's right of redemption continued for 9 months from November 10, 2017 and continued through August 10, 2018.

23. Debtor filed the instant bankruptcy on May 8, 2018. 24. At no time prior to the filing of this Complaint did Abdeldayem Hassan have any right to possession of the Property.

25. Notwithstanding Abdeldayem Hassan lack of any right to possession, he began making unlawful demands that Mr. Toppin vacate the property.

26. On January 22, 2018, more than six months before Debtor's right of redemption would have expired under state law, had there been a valid sale and had Debtor not filed the instant bankruptcy petition, Abdeldayem Hassan filed an ejectment lawsuit against Debtor.

27. In its complaint in ejectment ("Ejectment Complaint"), Abdeldayem Hassan falsely claimed Mr. Toppin had no right to possession of his home, and falsely claimed that Abdeldayem Hassan was entitled to immediate possession of the Property.

28. At the time that Abdeldayem Hassan filed the Ejectment Complaint and throughout the pendency of the lawsuit, Debtor retained the exclusive right of possession to his home and Abdeldayem Hassan had no right to possession of the Property.

29. Abdeldayem Hassan, personally verified the false statements in the Ejectment Complaint.

30. The Ejectment Complaint failed to state that the Sheriff Sale in question had been a tax sale, which gives rise to a nine-month right of redemption. The Ejectment Complaint also failed to provide the "abstract of title" that is required to maintain an ejectment action under Pennsylvania law.

31. After failing to properly serve the complaint in ejectment and failing to send a proper Notice of Intention to take a default judgment Abdeldayem Hassan sought and obtained default judgment in the Ejectment Action.

32. The April 27, 2018 Order issuing the writ of possession was facially and fatally defective for the reasons aforestated. This facially and fatally defective order deprived Mr. Toppin of his procedural due process rights to notice and opportunity to be heard and deprived Mr. Toppin of his property without substantive due process of law.

. . .

34. Debtor filed the instant bankruptcy On May 8, 2018.

35. On May 8, 2018 at 6.04 PM, Mr. Lyndel Toppin filed a Chapter 13 bankruptcy petition in a matter styled In re: Toppin, E.A. Pa. Bankr. No. 18-13098-MDC. See Ex. "A".

Without conceding the truth of the allegations, the Sheriff has no objection to the addition of the material in paragraphs 8, 14, 15, 34 and 35 above. In addition, the Sheriff does not object to the addition of allegations of fact (without hyperbole) that the ejectment complaint was filed, judgment in favor of defendant Hassan was granted and the writ issued. Such allegations serve to the inform the Court of relevant events leading up to the alleged stay violations without raising the specter of any irrelevant allegations of pre-petition impropriety. The Sheriff objects to amending the Complaint to include the remainder of the allegations.

## LEGAL STANDARD

Debtor seeks to amend the Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure. Rule 15(a)(2) provides that the court should freely give leave to amend when justice so requires, however, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Rather, a court may exercise its discretion to deny leave to amend for, among other things, undue delay, futility for lack of merit and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ARGUMENT

The Motion is focused on whether the amendment was sought without delay. The Debtor notes several times that the amendment was sought before a pre-trial scheduling order was issued, which is true. Lack of delay alone, however, is not a reasonable basis to permit the amendment where, as here, the amendment is futile and would unduly prejudice the non-moving party.

The Sheriff believes that the Debtor sought to amend the Complaint in response to the Sheriff's defense that he is entitled to quasi-judicial immunity for executing a facially valid order

7

of court. Whether the pre-petition judgments in favor of the City of Philadelphia and Abdeldayem Hassan were improper due to a reversible error of the trial court, as Debtor alleges in the proposed amendment of facts, has no bearing on whether the writ of possession the Sheriff acted upon was facially valid. Even assuming the Court of Common Pleas judgment for possession in favor of Hassan was infirm as a matter of law, the order of possession and ensuing writ are still facially valid as "facially valid" does not mean "lawful." *Turney v. O'Toole*, 898 F.2d 1470, 1473 (10th Cir. 1990) (holding that those charged with duty of executing facially valid court orders enjoy absolute immunity). Thus, the additional facts are not supportive of any form of relief and the amendment would be futile. *In re Fleming Companies, Inc.*, 347 B.R. 163, 167–68 (Bankr. D. Del. 2006) ("Futility of amendment exists when the proposed amendment is not accompanied by a showing of plausibility sufficient to present a triable issue.").

Moreover, it would be highly prejudicial to the Sheriff if the proposed amendment of facts was included in the Complaint. The Third Circuit has held that prejudice to the non-moving party is the touchstone for denial of leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993). Allowing the amendment would embroil the Sheriff in litigation that is, at best, nothing more than an impermissible attack on two state court judgments[1] or, at worst, seeks to set a precedent that the Sheriff can be held civilly liable for failure to scrutinize orders of court beyond their facial validity.

---

[1] The Rooker-Feldman Doctrine prohibits federal courts from adjudicating claims for relief that require determining whether a state court decision is wrong. *In re: Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). The Third Circuit Court of Appeals articulated a four-part test for dismissal of a federal claim for lack of subject matter jurisdiction based on the Rooker-Feldman Doctrine: 1) the federal plaintiff lost in state court; 2) the plaintiff complains of injuries caused by the state court judgment; 3) those judgments were rendered before the federal suit was filed; and 4) the plaintiff is inviting the federal court to review and reject the state judgments. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010); I*n re: Sabertooth, LLC*, 443 B.R. 671 (Bkrtcy. E.D.Pa. 2011). Each of the elements set forth in *Great Western* are present in this case.

Permitting the amendment would lead to vexatious discovery regarding who from the Sheriff's office knew or should have known that the orders were not legally enforceable, as alleged by the Debtor. This is the precise sort of undue prejudice that the doctrine of quasi-judicial immunity is meant to protect against. Allowing plaintiffs to pursue allegations pertaining to the legal infirmity of judgments acted upon by the Sheriff would make the Sheriff a "lightening rod for harassing litigation aimed at judicial orders." *Moss v. Kopp*, 559 F.3d 1155, 1165 (10th Cir. 2009) (citations omitted). The Sheriff's office should not be held responsible for the legality of decisions which they are powerless to control *Id*. Public policy demands strict adherence to judicial decrees and subjecting the Sheriff to litigation for the execution of such decrees may hinder the Court's authority and ability to function. *Id*. The proposed amendment of facts is both futile and prejudicial to the Sheriff and the Motion must be denied.

WHEREFORE, the City respectfully requests that the Court deny the Motion for Leave to Amend Adversary Complaint and grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: October 10, 2018    By:    */s/ Megan N. Harper*
MEGAN N. HARPER
Deputy City Solicitor
PA Attorney I.D. 81669
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov