# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lyndel Toppin : | |
| 146 S. 62nd Street : | |
| Philadelphia, PA 19139 : | CHAPTER 13 |
| : | |
| Debtor. : | Case No. 18-13098-MDC |

| | |
|---|---|
| : | |
| Lyndel Toppin : | |
| Debtor/Plaintiff : | |
| v. : | Adv. Proc. No. 18-00137-MDC |
| : | |
| Jewell Williams : | |
| Sheriff of the City of Philadelphia : | |
| In his official capacity : | |
| Land Title Building - Fifth Floor : | |
| 100 South Broad Street : | |
| Philadelphia, PA 19110 : | |
| Defendant. : | |
| and, : | |
| : | |
| Abdeldayem Hassan a/k/a Abdeldyem Hassan : | |
| 309 Barker Avenue : | |
| Lansdowne, PA 19050 : | |
| Defendant. : | |

**SECOND AMENDED COMPLAINT CONCERNING WILLFUL VIOLATIONS OF THE AUTOMATIC STAY AND IN THE ALTERNATIVE, CONTEMPT BY DEFENDANTS SHERIFF OF THE CITY OF PHILADELPHIA AND ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN**

**TO THE HONORABLE BANKRUPTCY JUDGE: MAGDELINE D. COLEMAN:**

Mr. Toppin is a debtor in the above-stated bankruptcy and the Plaintiff in this adversary proceeding. Defendant, Sheriff of the City of Philadelphia was included in Mr. Toppin's bankruptcy and provided copious bankruptcy notice on at least 12 occasions by postal mail; facsimile; and telephone. Defendant, Abdeldayem Hassan a/k/a Abdeldyem Hassan was also provided bankruptcy notice by postal mail and telephone.

Mr. Toppin was and is protected against Defendants employment of process to recover a claim

against the debtor that arose before the commencement of this case due to the power of the automatic stay. Yet, more than six weeks <u>after</u> it was placed on notice and knowledge of, Mr. Toppin's bankruptcy, Defendants continue to employ process by sending armed Philadelphia Sheriff's to the debtor's personal residence on six ("6") separate occasions in direct contravention of 11 U.S.C. § 362(a), (the automatic stay) and with the express orders of this court.

Mr. Toppin filed a Chapter 13 bankruptcy on <u>May 8, 2018</u> at 6.04 PM and immediately notified the Defendants. Despite copious notice, the Defendants continued their enforcement of the pre-petition judgment by visiting the debtor's personal residence on **May 18, 2018**; **May 24, 2018**; and **May 30, 2018** in order to post humiliating bright red "**Notices to Vacate**," on Mr. Toppin's front door; and again on **June 1, 2018**; **June 5, 2018**; and **June 7, 2018** in order to post humiliating bright red "**Eviction Notices**" on Mr. Toppin's front door ordering Mr. Toppin to vacate the premises no later than June 25, 2018 and informing Mr. Toppin that the Sheriff would be levying any property located at 146 S. 62nd Street, Philadelphia, PA 19139 to satisfy the Judgement for Possession. These actions were all in violation of the automatic stay, which goes into effect the moment a bankruptcy petition is filed. The actions of the Defendants fall squarely within the prohibitions of at least three subsections of 11 U.S.C. § 362(a) including:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate.

## I.   JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 of the United States Code.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).

3. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the unlikely event this case is determined to be a non-core proceeding (which is denied by the Plaintiff) then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## II.   PARTIES

5. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number 18-13098-MDC filed before this Court.

6. Defendant is the Sheriff of the City of Philadelphia ("Sheriff") and is being sued in that capacity. Defendant has an office located at Land Title Building - Fifth Floor, 100 South Broad Street, Philadelphia, PA 19110.

7. Defendant Abdeldayem Hassan a/k/a Abdeldyem Hassan ("Hassan") is an adult individual residing at 309 Barker Avenue, Lansdowne, PA 19050.

## III.   FACTUAL ALLEGATIONS

8. Debtor owns and resides in his long-time home at 146 S. 62nd Street, Philadelphia, PA 19139 (the "Property") and is the rightful owner of the property.

9. On or around April 14, 2015, the City of Philadelphia (the "City") filed a Petition for a Rule to Show Cause in the Court of Common Pleas seeking permission to sell Debtor's interest in

his home in satisfaction of alleged delinquent real estate taxes from 2012 through 2013 in a total amount of $1,959.67, including claimed principal of $1,052.26, interest, penalty, attorney fees and lien costs. (hereinafter "2015 City Tax Action").

10. On or about April 28, 2015, the Court of Common Pleas for the City of Philadelphia issued a Rule granting the City's Petition to show cause why a Decree should not be entered permitting the sale of the Property.

11. On or about August 20, 2015 the Court of Common Pleas for the City of Philadelphia issued a Decree permitting the Property to be sold by the Sheriff.

12. The Philadelphia Sheriff's Office sold the Property at a tax sale on or about October 5, 2017. See Ex. "A".

13. Abdeldayem Hassan a/k/a Abdeldyem Hassan was the winning bidder for a bid of $30,000.00. See Ex. "A".

14. At the time of the sheriff sale, the approximate Fair Market Value of the Property was between $90,0000 and $120,000.00. See Ex. "B1-B4".

15. On or before November 3, 2017 Defendant Abdeldayem Hassan paid $27,000 to the sheriff in addition to $3,000.00 which was paid by Abdeldayem Hassan at the time of the sale. See Ex. "C".

16. On November 10, 2017 Jewell Williams, Sheriff of the County of Philadelphia, acknowledged a deed to Abdeldayem Hassan.

17. The Sheriff's Deed was recorded on November 10, 2017.

18. Abdeldayem Hassan had no interest at all in Debtor's interest in his home until the Sherriff acknowledged the deed to him.

19. After the Sheriff acknowledged the deed, Abdeldayem Hassan owned only a defeasible title, subject to Mr. Toppin's statutory right to redeem the Property and right to possession during the redemption period.

20. Pursuant to 53 P.S. § 7293(a), Debtor's right of redemption continued for 9 months from November 10, 2017 and continued through August 10, 2018.

21. Debtor filed the instant bankruptcy on May 8, 2018. See Ex. "D".

22. At no time prior to the filing of this Complaint did Abdeldayem Hassan have any right to possession of the Property.

23. Notwithstanding Abdeldayem Hassan lack of any right to possession, he began making unlawful demands that Mr. Toppin vacate the property.

24. On January 22, 2018, more than six months before Debtor's right of redemption would have expired under state law, had there been a valid sale and had Debtor not filed the instant bankruptcy petition, Abdeldayem Hassan filed an ejectment lawsuit against Debtor. See Ex. "E".

25. In its complaint in ejectment ("Ejectment Complaint"), Abdeldayem Hassan falsely claimed Mr. Toppin had no right to possession of his home, and falsely claimed that Abdeldayem Hassan was entitled to immediate possession of the Property.

26. At the time that Abdeldayem Hassan filed the Ejectment Complaint and throughout the pendency of the lawsuit, Debtor retained the exclusive right of possession to his home and Abdeldayem Hassan had no right to possession of the Property. See Ex. "F".

27. Abdeldayem Hassan, personally verified the false statements in the Ejectment Complaint. See Ex. "F".

28. The Ejectment Complaint failed to state that the Sheriff Sale in question had been a tax sale, which gives rise to a nine-month right of redemption. The Ejectment Complaint also failed to

provide the "abstract of title" that is required to maintain an ejectment action under Pennsylvania law.  See Ex. "F".

29.    After failing to properly serve the complaint in ejectment and failing to send a proper Notice of Intention to take a default judgment Abdeldayem Hassan sought and obtained default judgment in the Ejectment Action.  See Ex. "G, H, I".

30.    The April 27, 2018 Order issuing the writ of possession was facially and fatally defective for the reasons aforestated. This facially and fatally defective order deprived Mr. Toppin of his procedural due process rights to notice and opportunity to be heard and deprived Mr. Toppin of his property without substantive due process of law.  See Ex. "J".

31.    On May 7, 2018 at 12.00 PM, Debtor's Counsel and Debtor visited the Sheriff at 100 South Broad Street, 5th Floor, Philadelphia, PA and requested the contact information for ("Hassan") for the purposes of transmitting a Notice of Bankruptcy Case Filing.  See Ex. "K".

32.    Debtor filed the instant bankruptcy On May 8, 2018.

33.    On May 8, 2018 at 6.04 PM, Mr. Lyndel Toppin filed a Chapter 13 bankruptcy petition in a matter styled In re: Toppin, E.A. Pa. Bankr. No. 18-13098-MDC. See Ex. "D".

34.    It is indisputable that on May 8, 2018, Debtor's Counsel provided the Notice of Bankruptcy Case Filing to Hassan at the mailing address provided by the Sheriff as well via text message by converting the Notice of Bankruptcy Case Filing from PDF format into JPEG format and transmitting to Hassan's mobile phone which was also provided by the Sheriff. See Ex. "K".

35.    It is indisputable that on May 8, 2018 at 6.27 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "L".

36.    It is indisputable that on May 8, 2018 at 6.28 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3971. See Ex. "M".

37.    It is indisputable that on May 9, 2018 Debtor's Counsel telephoned Sheriff at

215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "N".

38. It is indisputable that on May 10, 2018 at 11.28 AM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "O".

39. It is indisputable that on May 10, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "N".

40. It is indisputable that on May 10, 2018 at 11.31 AM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "P".

41. It is indisputable that on May 15, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 on two separate occasions and provided oral Notice of Bankruptcy Case Filing. See Ex. "N".

42. It is indisputable that on May 31, 2018 that the Court served Official Form 309A - Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline on both Defendants at their preferred mailing addresses. See Ex. "Q".

43. It is indisputable that on June 5, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing.

44. It is indisputable that on June 7, 2018 at 4.18 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "R".

45. It is indisputable that on June 7, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "N".

46. It is indisputable that on June 15, 2018 Debtor's Counsel telephoned Hassan and provided oral Notice of Bankruptcy Case Filing. See Ex. "S".

47. Despite ample notice of the underlying bankruptcy, Defendants continue to violate the statutory injunction imposed by 11 U.S.C. § 362 on at least six ("6") separate occasions. See Ex. "T", "U", "V", "X", "Y", and "Z".

48. The automatic stay at 11 U.S.C. § 362(a) requires Defendants to take positive action necessary to give effect to the automatic stay. No action is unacceptable; no action is action to thwart the effectiveness of the automatic stay.

49. Part of what is stayed in 11 U.S.C. § 362 is "continuation." Certainly a suit for Writ of Possession of Real Property is a judicial proceeding against the Debtor within the purview of § 362(a)(1). The Issuance of a Writ of Possession of Real Property is the enforcement, against the Debtor, of a judgment obtained before the commencement of the bankruptcy case within the scope of § 362(a)(2). The eviction of the Debtor from their residence is an act to take possession of property of the estate, that is, to take possession of the Debtor's possessory and leasehold interest in the property, prohibited by § 362(a)(3).

50. Not only does the statutory language encompass the actions of the landlord Defendant, but any remaining question or doubt as to the impropriety of the Defendant's conduct has been dispelled by numerous court decisions proscribing this type of creditor action. These decisions have upheld the rights of Debtors in the face of creditor violation of the automatic stay.

51. It is implied in § 362 that a creditor is under an obligation to maintain the status quo as of the moment of the filing of the petition and to take whatever affirmative action is necessary to do so.

52. The Defendants have done nothing to reverse their actions and restore the status quo.

53. Defendant, Hassan is the Creditor who is in the driver's seat and very much controls what is done thereafter if it chooses. If the "continuation" is to be stayed, Hassan cannot choose to do nothing and pass the buck. Positive action on the part of the creditor is necessary so that "continuation" may be stayed.

54. Defendant, Hassan could have stopped the continuing violations of the automatic stay by dismissing the Writ of Possession of Real Property.

55. Defendant, Hassan could have advised the Sheriff that until further notice by reason of the automatic stay that the Writ of Possession of Real Property should be suspended.

56. Defendants passed the buck and failed to take positive actions in violation of the automatic stay, 11 U.S.C. § 362.

57. There is a governmental interest in preventing the unique harm that occurs in regard to violations of the Bankruptcy Code.

58. The Bankruptcy Code and the notices to Defendants, as stated above, place Defendants on fair notice of the damages that may be imposed due to the violation of its orders and injunctions, including the imposition of punitive damages.

59. The degree of reprehensibility of the collection practices and actions is high for the reasons that (1) the financial vulnerability of the target, Mr. Toppin, is evident by his bankruptcy filing, and (2) the harm is more than economic in nature. Core bankruptcy rights of Mr. Toppin have been violated.

60. Mr. Toppin's breathing spell has been thwarted. Should the collection practices and actions of Defendants' continue and/or succeed, the fresh start promised Mr. Toppin will be imperiled.

61. The injury to Mr. Toppin, in terms of describing and understanding the full consequences of violating the core bankruptcy rights of Mr. Toppin, is hard to detect.

62. The full monetary value of non-economic harm associated with the collection practices and actions of Defendants' are difficult to determine.

63. The resources necessary to police the conduct of Defendants' and to prevent the unique harm that has occurred post-petition are lacking on the part of Mr. Toppin.

64. The above-stated collection practices or actions of Defendants' have resulted and are resulting in a substantial amount of undue frustration, anxiety and mental anguish or distress on the

part of Mr. Toppin, which is more than fleeting and inconsequential. The harm stated is substantiated by the facts of this Complaint alone. Although not limited to the list below, the distress has manifested itself as follows:

    A. Violation of the core bankruptcy rights and Constitutional rights.

    B. Headaches.

    C. Loss of sleep.

    D. Anxiety.

    E. Shock of conscience.

    F. Impaired enjoyment of life.

    G. A sense of dread.

    H. A sense of failure.

    I. A lack or diminution of self-worth.

    J. A significant amount of stress.

    K. Harassment.

    L. Distraction.

    M. A sense of embarrassment and discomfort that is greater than the general level of embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

## IV. WILLFUL VIOLATION OF THE AUTOMATIC STAY

65. The filing of the bankruptcy case of Mr. Toppin constitutes, and constituted, an order for relief pursuant to 11 U.S.C. § 301(b). This includes the imposition of the automatic stay (which is similar to an injunction issued by this Court) pursuant to 11 U.S.C. § 362(a). Therefore, the actions or conduct of Defendants' violated, or are violating, 11 U.S.C. § 362(a)(1), (3), (4), (5), and/ or (6), for which there is no exception to the automatic stay pursuant to 11 U.S.C. § 362(b).

66. As stated and demonstrated in the Facts, above:

    a.    The eligibility of Mr. Toppin to be a debtor in bankruptcy is not in question.

    b.    His bankruptcy case is pending and his plan was submitted to the Court.

    c.    The automatic stay took effect immediately upon his file date and has neither been terminated nor modified to permit the actions and conduct of Defendants' as complained herein.

    d.    The violations are willful for the reasons that (1) Defendants' had notice and/or knowledge of Mr. Toppin's bankruptcy, and (2) the actions or conduct as stated were, or are, intentional, whether or not there was, or is, a specific intent to violate the automatic stay, or whether or not Defendants' had a good faith belief that it had a right to undertake the actions or conduct it has actually undertaken.

    e.    Mr. Toppin suffered injury in fact as a result of the actions and conduct stated for his core bankruptcy rights have been willfully violated.

## V.    ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

67.    Due to the conduct or action of Defendants, as described, it may become necessary for this Court to take action to enforce the injunctions, orders and Bankruptcy Code provisions and rules resulting from Mr. Toppin's bankruptcy, including, but not limited to:

    a.    Finding Defendants' in contempt for failing to abide by the orders, injunctions, Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

    b.    Issuing any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violations of Defendants, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or

    c.    Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Defendants in the future pursuant to 11 U.S.C. § 105.

## VI.    DAMAGES

68.    Pursuant to 11 U.S.C. § 362(k)(1) and/or § 105 the causes of action stated above mandate the imposition of actual damages, and the consideration of punitive damages, including:

    a.    **Personal Actual Damages**: Actual damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including the value of the personal time of Mr. Toppin in having to deal with the conduct and actions of Defendants, and in having to participate in this adversary proceeding.

    b.    **Attorneys' Fees And Expenses As Actual Damages**: It was necessary to employ Stephen M. Dunne and his law firm, Dunne Law Offices, P.C., to represent Mr. Toppin in advising, preparing and participating in this adversary proceeding.

    c.    **Emotional Injuries As Actual Damages**: The actual manifestations suffered by Mr. Toppin are detailed above for which the Court should consider to determine the proper amount of actual damages to compensate for his emotional injuries.

    d.    **Punitive Damages**: Punitive damages should be awarded to Mr. Toppin for the reasons that:

        i.    **Appropriateness Per The U.S. Supreme Court Standard**: Per the Supreme Court of the United States, an award of punitive damages is appropriate for the reasons that: (1) Defendants have received fair notice of the possibility of an award of punitive damages; (2) as evidenced by his bankruptcy, the financial vulnerability of Mr. Toppin is evident; (3) the harm or injury inflicted on Mr. Toppin is more than economic in nature; (4) if the conduct or actions of Defendants are allowed to succeed, it would

further imperil the fresh start of Mr. Toppin; (5) the injury in this case is hard to detect; and/or (6) the monetary value of non-economic harm is difficult to determine.

    ii.   **Appropriateness Per The 3rd Circuit Standard**: The 3rd Circuit Court of Appeals has stated that an egregious conduct standard is at least appropriate or an award of punitive damages. The Court defines egregious as conduct which was "reckless" or "callous" indifference to the federally protected rights of others. The conduct and action of Defendants, as highlighted in the Facts, is at least reckless in light of its knowledge of Mr. Toppin's bankruptcy. Any serious contest of this adversary proceeding by Defendants should be considered callous.

e.   **Prejudgment Interest** : Any award of damages should contain an award of prejudgment interest.

f.   **Post Judgment Interest** : Any judgment issued by this Court should allow for the accrual of interest for any unpaid balance at the rate for federal judgments, as based on the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Mr. Toppin that the Court will:

1.   Find that Defendants violated one or more of the automatic stay provisions in the underlying bankruptcy;

2.   Find that the violations of the automatic stay by Defendants were or are willful and/or intentional;

3.   Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or

Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendants, the issuance of any declaratory judgment, and/or the issuance of any injunction;

    4.    Sanction or award against Defendants all actual damages for all financial and non-financial harm or injury incurred by Mr. Toppin;

    5.    Sanction or award against Defendants and to Mr. Toppin, and for the benefit of Stephen M. Dunne, all of the attorneys' fees, costs and expenses incurred with Stephen M. Dunne, and the Dunne Law Offices, P.C., in representing Mr. Toppin in these matters;

    6.    Sanction or award against Defendants and to Mr. Toppin emotional distress damages;

    7.    Sanction or award against Defendants and to Mr. Toppin punitive damages;

    8.    Award prejudgment interest;

    9.    Award post judgment interest; and Grant any and all other relief in equity or in law to which Mr. Toppin may be entitled.

                                                    Respectfully submitted:

Dated: October 24, 2018                          BY: /s/ *Stephen M. Dunne*
                                                          **Stephen M. Dunne, Esquire**
                                                          1515 Market Street, Suite. 1200
                                                          Philadelphia, PA 19102
                                                          (215) 551-7109 Phone
                                                          Fax: (215) 525-9721
                                                          Email: stephen@dunnelawoffices.com