IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re:                                                  :
                                                        :   Chapter 13
                                                        :
LYNDEL TOPPIN,                                          :
                                                        :   Bankruptcy No. 18-13098 (MDC)
         Debtor.                                        :
-------------------------------------------------------x
-------------------------------------------------------x
                                                        :
LYNDEL TOPPIN,                                          :
                                                        :
                                                        :   Adv. Pro. No. 18-00137 (MDC)
         Plaintiff,                                     :
                                                        :
         v.                                             :
                                                        :
JEWELL WILLIAMS SHERIFF                                 :
OF THE CITY OF PHILADELPHIA and                         :
ABDELDAYEM HASSAN a/k/a                                 :
ABDELDYEM HASSAN,                                       :
                                                        :
         Defendant                                      :
-------------------------------------------------------x
```

**ANSWER TO SECOND AMENDED COMPLAINT CONCERNING
WILLFUL VIOLATIONS OF THE AUTOMATIC STAY
BY DEFENDANTS SHERIFFOF THE CITY OF PHILADELPHIA
AND ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN**

**AND NOW COMES** Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his Counsel, Megan N. Harper, Deputy City Solicitor, to answer the Second Amended Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan (the "Adversary Complaint") filed by Lyndel Toppin (the "Debtor"). The Sheriff avers the following in support thereof:

The allegations set forth in the prefatory statement of the Adversary Complaint are do not conform to Federal Rule of Civil Procedure 8(a)(2), made applicable to this Adversary Complaint

pursuant to Federal Rule of Bankruptcy Procedure 7008, which requires a pleading to make a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, the prefatory statement conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

## I. JURISDICTION AND VENUE

1. Denied as stated. This proceeding does not arise and is not related to a Chapter 7 case under Title 11 of the United States Code.

2. Admitted in part. Denied in part. It is admitted only that this Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2). It is specifically denied that 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2) grants the Court personal jurisdiction.

3. Denied. The allegations of paragraph 3 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

4. Denied. It is denied that venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## II. PARTIES

5. Admitted.

6. Admitted.

7. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 7. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

### III.    FACTUAL ALLEGATIONS

8. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 8. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

9. Denied. It is specifically denied that the City filed a Petition for a Rule to Show Cause seeking permission to sell the Debtor's interest in his home. The allegations of paragraph 9 contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 9. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied. The allegations of paragraph 14 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

15. Admitted.

16. Denied. It is specifically denied that the deed was acknowledged on November 10, 2017. By way of further response, the deed was acknowledged on November 9, 2017.

17. Denied. It is specifically denied that the deed was recorded on November 10, 2017. By way of further response, the deed was recorded on November 21, 2017.

18. Denied. The allegations of paragraph 18 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

19. Denied. The allegations of paragraph 18 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

20. Denied. By way of further response, the deed was acknowledged on November 9, 2017.

21. Admitted.

22. Denied. The allegations of paragraph 22 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

23. Denied. The allegations of paragraph 23 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 23. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

24. Denied. The allegations of paragraph 24 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

25. Denied. The allegations of paragraph 25 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 25. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

26. Denied. The allegations of paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

27. Denied. The allegations of paragraph 27 contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 27. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

28. Denied. The allegations of paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 27. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

29. The allegations of paragraph 29contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 29. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

30. The allegations of paragraph 30 contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 30. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

31. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 31. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

32. Admitted.

33. Admitted.

34. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 34. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

35. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 35. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

36. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 36. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

37. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 37. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

38. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 38. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

39. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 39. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

40. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 40. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

41. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 41. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

42. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 42. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

43. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 43. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

44. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 44. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

45. Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 45. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

46. Denied. The allegations of paragraph 46 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 46. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

47. Denied. The allegations of paragraph 47 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

48. Denied. It is specifically denied that the automatic stay at 11 U.S.C. § 362(a) required the Sheriff to take positive action necessary to give effect to the automatic stay. By way of further response, the allegations of paragraph 48 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

49. Denied. It is specifically denied that the automatic stay at 11 U.S.C. § 362 stayed the Issuance of a Writ of Possession of Real Property in this instance as the Writ was issued May 7, 2018, the day before the Debtor petitioned for Chapter 13 relief. By way of further response, the allegations of paragraph 49 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

50. Denied. The allegations of paragraph 50 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

51. Denied. It is specifically denied that the Sheriff is a creditor of the Debtor. By way of further response, the allegations of paragraph 51 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

52. Denied. It is specifically denied that the status quo has not been maintained or that there was any action requiring reversal as the Debtor continues to reside at the Property.

53. Denied. The allegations of paragraph 53 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without

sufficient information to admit or deny the allegations of paragraph 53. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

54.    Denied. The allegations of paragraph 54 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 54. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

55.    Denied. The allegations of paragraph 55 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 55. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

56.    Denied. The allegations of paragraph 56 contain opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

57.    Denied. The allegations of paragraph 57 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

58.    Denied. The allegations of paragraph 58 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

59.    Denied. The allegations of paragraph 59 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

60. Denied. The allegations of paragraph 60 contain a mix of opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

61. Denied. The allegations of paragraph 61 contain a mix of opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

62. Denied. The allegations of paragraph 62 contain a mix of opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

63. Denied. The allegations of paragraph 63 contain a mix of opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

64(A) – (M). Denied. The allegations of paragraphs 40(A) through (M) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### IV.    WILLFUL VIOLATION OF THE AUTOMATIC STAY

65. Denied. It is specifically denied that there are no applicable exceptions to the automatic stay pursuant to 11 U.S.C. § 362(b). By way of further response, the allegations of paragraph 65 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

66 (a). Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraphs 66(a). The allegations are therefore denied and strict proof thereof is demanded at time of trial.

  (b)  Admitted.

  (c)  Denied as stated. The Sheriff denies any action or conduct taken violated the automatic stay.

  (d)  Denied. The allegations of paragraph 66(d) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

  (e)  Denied. The allegations of paragraph 66(e) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

## V. ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

67(a) – (c). Denied. The allegations of paragraphs 67(a) through (c) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

## VI. DAMAGES

68(a) – (f). Denied. The allegations of paragraphs 68(a) through (f) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE,** the Sheriff demands that the relief sought by the Debtor in the Adversary Complaint be denied, that judgment be entered in favor of the Sheriff and that the Court grant such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

The Sheriff, by way of further response to the Adversary Complaint, hereby pleads the following affirmative defenses:

1. The Adversary Complaint fails to state a cause of action upon which relief can be granted.

2. The Sheriff did not violate the automatic stay pursuant to 11 U.S.C. § 362(a).

3. The Sheriff's actions fall under one or more exceptions to the automatic stay.

4. Execution of a writ of possession is a ministerial act that does not violate the automatic stay of 11 U.S.C. § 362(a).

5. The Sheriff is entitled to quasi-judicial immunity from suit for actions taken to enforce a facially valid order of court.

6. Punitive damages cannot be awarded against the Sheriff pursuant to 11 U.S.C. § 106(a)(3).

7. Emotional distress damages cannot be awarded against the Sheriff pursuant to 11 U.S.C. § 106(a)(5) and the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, *et seq.*

**WHEREFORE,** the Sheriff demands that the relief sought by the Debtor in the Adversary Complaint be denied, that judgment be entered in favor of the Sheriff and that the Court grant such other relief as the Court deems just and proper.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: November 21, 2018     By:     */s/ Megan N. Harper*
MEGAN N. HARPER
Deputy City Solicitor
PA Attorney I.D. 81669
Attorney for the City of Philadelphia
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov