## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lyndel Toppin | : | |
| 146 S. 62nd Street | : | |
| Philadelphia, PA 19139 | : | CHAPTER 13 |
| | : | |
|     Debtor. | : | Case No. 18-13098-MDC |

| | | |
|---|---|---|
| Lyndel Toppin | : | |
|     Debtor/Plaintiff | : | |
| v. | : | Adv. Proc. No. 18-00137-MDC |
| | : | |
| Jewell Williams | : | |
| Sheriff of the City of Philadelphia | : | |
| In his official capacity | : | |
| Land Title Building - Fifth Floor | : | |
| 100 South Broad Street | : | |
| Philadelphia, PA 19110 | : | |
|     Defendant. | : | |
| and, | : | |
| | : | |
| Abdeldayem Hassan a/k/a Abdeldyem Hassan | : | |
| 309 Barker Avenue | : | |
| Lansdowne, PA 19050 | : | |
|     Defendant. | : | |

### LYNDEL TOPPIN'S OPENING BRIEF IN SUPPORT
### OF MOTION FOR JUDGMENT ON THE PLEADINGS

      Lyndel Toppin is an intelligent, hard-working debtor who is deaf and mute who filed a Chapter 13 bankruptcy on May 8, 2018 seeking the fundamental debtor protection provided by the Bankruptcy Code – The Automatic Stay. The Court approved Barrington Whyte to be the Next Friend of Lyndel Toppin who has since expressed an unwillingness to assist any further. Debtor's access to justice rests upon the enclosed Motion for Judgment on the Pleadings.

## LEGAL STANDARD

A motion for judgment on the pleadings should be granted if the movant establishes that there are no material issues of fact, and he is entitled to judgment as a matter of law. The Court must accept all allegations in the Complaint as true and draw all reasonable inferences in favor of the Debtor. *Zimmerman v. Corbett,* 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied*, No. 17-1234, 2018 WL 1173874 (U.S. June 11, 2018). The Court may not, however, accept unsupported conclusory statements. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 263 (3d Cir. 2008).

## ARGUMENT

**I.   JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED FOR LYNDEL TOPPIN BECAUSE THE DEFEDANTS VIOLATED THE AUTOMATIC STAY**

**A.   Standard of Review**

A motion for judgment on the pleadings is appropriate after the pleadings are closed and when filed early enough not to delay trial.  See Fed. R. Bankr. P. 7012(c); See, e.g., *Vail v. City of N.Y.*, 68 F. Supp. 3d 412, 422–23 (S.D.N.Y. 2014) (holding defendants' motion for judgment on the pleadings timely where defendants filed their motion approximately seven months after the plaintiff filed his second amended complaint, while discovery was ongoing, and a trial date had not yet been set).  Accordingly, this motion for judgment on the pleadings is timely.

The Court may accept the complaint's well-pleaded facts as true.  See *In re Conex Holdings, LLC*, 518 B.R. 792, 800 (Bankr. D. Del. 2014).  "The Court may also consider documents attached as exhibits to the complaint, any documents incorporated into the complaint by reference, and matters of the public record." *In re Conex Holdings, LLC*, 518 B.R. at 800 n. 37 (citations omitted).

Here, the Debtor filed a Chapter 13 bankruptcy on May 8, 2018 and communicated Notice of the Bankruptcy Filing to the Sheriff via facsimile on May 8, 2018. See Compl. ¶¶ 35-40. Debtor's Counsel provided Notice of the Bankruptcy Filing to the Sheriff via telephone on May 9, 2018. See Compl. ¶¶ 37-41.

Further, it is indisputable that on May 31, 2018 the Bankruptcy Noticing Center served Notice of Lyndel Toppin's Bankruptcy Case on Jewell Williams, Sheriff of the City of Philadelphia and Abdeldayem Hassan at their preferred mailing addresses. See Compl. ¶¶ 42. The Complaint refers to and relies on the court to take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FRE 201(b); *U.S. v. Zayyad*, 741 F.3d 452, 463-64 (4th Cir. 2014); *Deicher v. City of Evansville, Wis.*, 545 F. 3d 537 (7th Cir. 2008)(a court can take judicial notice of matters of public record which is not extrinsic evidence).

Therefore, the Bankruptcy Noticing Center's Notice (ECF #12) is a matter of public record in the Debtor's bankruptcy case. See 11 U.S.C. § 107(a) ("paper filed in a case under this title and the dockets of a bankruptcy court are public records"); *In re Joyce*, 399 B.R. 382, 385 (Bankr. D. Del. 2009) ("all papers filed in bankruptcy cases and the dockets of bankruptcy courts are public documents") (citing 2 COLLIER ON BANKRUPTCY ¶ 107.02 (15th ed.2008)) (emphasis added).

Despite ample notice, Jewell Williams, Sheriff of the City of Philadelphia and Abdeldayem Hassan violated the automatic stay by attempting to execute on a pre-petition judgment by visiting Lyndel's personal residence on May 18, 2018; May 24, 2018; May 30, 2018; June 1, 2018; June 5, 2018; and June 7, 2018. See Compl. ¶ 47.

Defendants actions in violating the automatic stay caused Mr. Toppin undue frustration, anxiety and mental anguish. See Compl. ¶ 64 & Declaration of Barrington Whyte in Support of Lyndel Toppin's Motion for Judgment on the Pleadings.

## **CONCLUSION**

WHEREFORE, Lyndel Toppin respectfully requests that the Court grant the Motion for Judgment on the Pleadings and grant such other and further relief as may be just and proper.

Dated: May 23, 2019