IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------x
In re:                                            :
                                                  :   Chapter 13
                                                  :
LYNDEL TOPPIN,                                    :
                                                  :   Bankruptcy No. 18-13098 (MDC)
          Debtor.                                 :
-------------------------------------------------------x
-------------------------------------------------------x
                                                  :
LYNDEL TOPPIN,                                    :
                                                  :
                                                  :   Adv. Pro. No. 18-00137 (MDC)
          Plaintiff,                              :
                                                  :
     v.                                           :
                                                  :
JEWELL WILLIAMS SHERIFF                           :
OF THE CITY OF PHILADELPHIA and                   :
ABDELDAYEM HASSAN a/k/a                           :
ABDELDYEM HASSAN,                                 :
                                                  :
          Defendant                               :
-------------------------------------------------------x

**THE SHERIFF OF THE CITY OF PHILADELPHIA'S OBJECTION TO LYNDEL
TOPPIN'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his Counsel, Megan N. Harper, Deputy City Solicitor, hereby files the following Objection to Lyndel Toppin's Motion for Judgment on the Pleadings (the "Motion").

**Preliminary Statement**

The Motion asserts that Debtor's next friend, Barrington Whyte, is unwilling to assist further in this litigation and that Debtor's access to justice rests upon the Motion. Debtor's access to justice cannot be at the expense of the Sheriff's right to defend against the allegations in the Complaint. The Motion avers that the allegations fact in the Complaint are "indisputable." Material allegations of fact in the Complaint, however, have been and continue to be disputed. The Sheriff

has the right to put the Debtor to his burden of proof and to offer evidence in support of defenses asserted. While the Sheriff is not insensitive to the Debtor's current predicament, justice will not be served by granting the Motion over the Sheriff's objection.

## Procedural and Factual Background

1. On April 14, 2015, the City of Philadelphia filed a Petition for Rule to Show Case in the Court of Common Pleas seeking permission to sell the premises located at 146 S. 62nd Street, Philadelphia, Pennsylvania (the "Property").

2. At the time the Petition was filed, the Property was titled in the name of Stanley and Eleanor Zalkin. A true and correct copy of the deed transferring the Property to Abdeldayem Hassan is attached hereto as **Exhibit A**.

3. The Property was sold at Sheriff's Sale on October 5, 2017 to the winning bidder, co-defendant, Abdeldayem Hassan.

4. On January 22, 2018, Mr. Hassan filed a Complaint in Ejectment, Case No. 180103400, against unknown occupants at the Property. *See* Second Amended Complaint Concerning Willful Violations of the Automatic Stay and in the Alternative, Contempt by Defendants Sheriff of the City of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan (the "Complaint") [Docket No. 29] at Exhibit F.

5. A default judgment was entered against the unknown defendants and Mr. Hassan then filed a Motion for Writ of Possession. *See* Complaint at Exhibits H and I.

6. On May 7, 2018 a writ of possession was issued by the Office of Records of the First Judicial District against unknown occupants. *See* Complaint at Exhibit J.

7. On May 8, 2018, the Debtor filed a voluntary petition for Chapter 13 bankruptcy with this Court.

8. On October 25, 2018, Lyndel Toppin ("Debtor") filed the Complaint seeking, among other things, punitive damages and damages for emotional distress for alleged willful violations of the automatic stay. *See* Complaint at ¶¶ 64 and 68.

9. At all times relevant to the matters alleged in the Complaint, the Sheriff was not a creditor of the Debtor. Rather, the Sheriff was the local law enforcement agency charged with enforcing the writ of possession, an order of the First Judicial District.

10. At all times relevant to the matters alleged in the Complaint, Lyndel Toppin was not a named party in any order the Sheriff was charged with enforcing.

11. The Complaint alleges that the Sheriff was given notice of the Debtor's bankruptcy proceedings on numerous occasions. *See* Complaint at ¶¶ 34-46.

12. In support of the foregoing allegations, the Debtor attaches fax cover sheets and a call log. *See* Complaint at Exhibits L-P and R.

13. The fax coversheets reference a Book/Writ number for the Property, but do not refer to the case number assigned to the Complaint in Ejectment against unknown occupants nor do they refer to the Sheriff's number assigned to the Sheriff's notice (231566). *See* Complaint at Exhibits T-Z.

14. The call log suggests calls were made to the Real Estate Unit of the Sheriff's Office, not the Civil Enforcement Unit charged with enforcing the writ of possession.

15. The call log and Complaint contain no information regarding who counsel for the Debtor spoke with or what was said when the calls were made.

16. A suggestion of bankruptcy was never filed in the action for ejectment/possession in the Court of Common Pleas and there is no evidence that the Sheriff was told by Mr. Hassan or the Court of Common Pleas to cease enforcement of the writ.

17. The Complaint alleges that despite receiving notice of the bankruptcy, the Sheriff visited the Property on six occasions to post notices. *Id.* ¶ 47.

18. One of the Eviction Notices attached to the Complaint has a metered envelope included, suggesting that, in fact, the Sheriff did not actually visit the Property on that date as alleged. *See* Complaint at Exhibit Z.

19. There is no allegation that the Debtor was ever actually dispossessed of the Property and by the Debtor's own account, efforts to enforce the writ ceased on June 7, 2018.

20. On November 21, 2018, the Sheriff filed an Answer to the Complaint denying, among other allegations, the allegations discussed above and asserting affirmative defenses to the Complaint, including failure to state a claim and defenses to the claims for punitive and emotional distress damages. *See* the Sheriff's Answer to Complaint [Docket No. 37] at ¶¶ 34-47, 64 and 68.

21. In addition, the Sheriff concurs with the Complaint's allegations that the law places the burden on the creditor, co-defendant Abdeldayem Hassan, to prevent violations of the automatic stay, not the Sheriff. *See* Complaint and Answer at ¶¶ 53-55.

22. On February 14, 2019, the Court issued a Pretrial Scheduling Order [Docket No. 46] setting forth a June 2, 2019 discovery deadline.

23. On March 25, 2019, the Sheriff sent Interrogatories and Request for Production of Documents directed to plaintiff Lyndel Toppin and a Notice of Deposition for Mr. Toppin.

24. To date, there has been no response to the discovery requests and no mutually agreeable arrangements for a deposition have been made.

25. The Sheriff sent a letter on May 15, 2019 requesting responses to discovery and proposed dates for a deposition within ten days. The Debtor did not respond to the letter.

26. On May 24, 2019, the Debtor filed the Motion seeking judgment in his favor for alleged willful violations of the automatic stay.

27. An unsigned declaration of Barrington Whyte in support of a claim for damages for emotional distress is attached to the Motion.

### Legal Standard

28. A motion for judgment on the pleadings is only useful when all material allegations of fact are admitted in the pleadings and only questions of law remain. *Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991) (citations omitted). The movant must clearly establish no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Id*.

### Argument

29. The Motion essentially asks this Court to find that the Sheriff had knowledge of the bankruptcy as of May 8, 2018 and acted thereafter to enforce the writ of possession by visiting the Property on six occasions therefore, the Debtor is entitled to damages for willful violation of the automatic stay.

30. The Motion is entirely devoid of any legal argument as to why, if the factual were admitted (which they have not been), the Debtor is entitled to judgment against the Sheriff as a matter of law pursuant to 11 U.S.C. § 362(k). The law supports judgment in favor of the Sheriff.

31. To hold a creditor accountable for injuries caused by a violation of the automatic stay, a debtor must establish: (1) the creditor violated the stay; (2) the violation was willful; and (3) the willful violation caused the debtor some injury. *In re Boltz-Rubinstein*, 596 B.R. 494, 502 (Bankr. E.D. Pa. 2019) (citations omitted).

32. Conduct in violation of the automatic stay is willful if the creditor knew of the stay and the creditor's conduct in violation of the stay was intentional. *In re Theokary*, 444 B.R. 306, 322 (Bankr. E.D. Pa.), *modified in part*, 460 B.R. 418 (Bankr. E.D. Pa. 2011), and *modified sub nom. Theokary v. Shay*, No. CIV.A. 10-0058, 2013 WL 5823849 (E.D. Pa. Oct. 29, 2013), *aff'd sub nom. In re Theokary*, 592 F. App'x 102 (3d Cir. 2015).

33. The Sheriff, who is not a creditor, was mandated by law to enforce the writ and efforts to do so were not a violation of the automatic stay.

34. The Pennsylvania Rules of Civil Procedure provide that a judgment for possession *shall* be enforced by a writ of possession. Pa.R.C.P. No. 3160. The use of word "shall" in the Rule makes the issuance and execution of the order a ministerial act. *See e.g., In re Williams*, 371 B.R.102, 111 (Bankr. E.D. Pa. 2007).

35. When an official's duty is delineated by law with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial. *In re Soares*, 107 F.3d 969, 974 (1st Cir. 1997).

36. Thus, the Sheriff was performing a ministerial function in executing the writ of possession at the direction of the judge. *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir. 1975).

37. "Ministerial acts, even if undertaken post-petition within the context of a judicial or other court proceeding do not violate the automatic stay, in particular § 362(a)(1)." *In re Pulcini,* 261 B.R. 836, 834 (Bankr. W.D. Pa. 2001) (citations omitted).

38. The Sheriff had no discretion in performing his official duty when executing the writ on unknown occupants at the Property and any post-petition efforts to enforce the writ are not in violation of the automatic stay.

39. Even if a violation is found, there are questions of fact regarding whether the violations were willful.

40. The evidence in support of allegations that the Sheriff had reasonable, actual notice of the bankruptcy include fax cover sheets referencing Book/Writ numbers or the address for the Property, which was never titled in the Debtor's name, and a call log of calls placed to the Real Estate Unit of the Sheriff's Department, not the Civil Enforcement Unit, with no further detail.

41. To borrow a term from the Debtor, it is indisputable that the evidence does *not* show that the Sheriff, a non-creditor local law enforcement agency enforcing a writ of possession against unknown defendants, received notice that referred to the case number assigned to the ejectment/possession action or the number assigned by the Sheriff' notice.

42. It is also indisputable that a suggestion of bankruptcy was never filed in the ejectment/possession action and there is no evidence the judgment creditor, Mr. Hassan, or the Court of Common Pleas judge directed the Sheriff to cease enforcement of the writ.

43. The Sheriff submits that pursuant to the facts alleged in the Complaint, a question remains whether reasonable, actual notice was given to the Sheriff and when and how such notice was given.

44. Moreover, the duty to stop enforcement of the writ rested with the co-defendant, Mr. Hassan.

45. Courts place the burden on the creditor to notify third-parties that the automatic stay is in place and efforts in furtherance of execution or enforcement must cease. For example, in *In re Westman*, 300 B.R. 338 (Bankr. D. Minn. 2003), a county sheriff had lawfully seized a debtor's vehicle pre-petition pursuant to a writ of execution. The sheriff failed to release the vehicle post-petition upon notice of the bankruptcy without satisfaction of towing/storage fees. The

bankruptcy court found the sheriff was entitled to a release from the creditor or an order from the court releasing him of his obligation under the writ of execution. The court felt it inappropriate to place the burden on the sheriff to determine the intent of the creditor or determine the nature of the debt when the burden is on the creditor, not the sheriff, to prevent stay violations. *In re Westman*, 300 B.R. at 345.

46. In *In re Hardesty*, 442 B.R. 110 (Bankr. N.D. Ohio 2010), the fact that three independent appraisers assigned by the sheriff were sent to the debtor's property post-petition in furtherance of execution on a pre-petition foreclosure process did not shield the mortgagee creditor from liability. The court reasoned that, "Once a creditor commences legal proceedings, it cannot disown all responsibility for actions taken by other parties in furtherance of the action. *In re Hardesty*, 442 B.R. at 115.

47. Lastly, in *In re Brown*, No. BR 12-14058, 2012 WL 3908029 (Bankr. E.D. Pa. Sept. 7, 2012), a pre-petition writ of execution was issued that directed the Sheriff of Chester County to levy upon debtors' property. The judgment creditors received notice of bankruptcy and failed to notify Sheriff. The Sheriff served the execution writ post-petition. The judgment creditors disclaimed any liability for the Sheriff's conduct. The Court found the creditor had the duty to take affirmative action to notify relevant third parties that the bankruptcy stay was in place. *In re Brown*, 2012 WL 3908029, at *5–6.

48. The Complaint and Motion have placed a significant amount of focus on notice to the Sheriff and the Sheriff's conduct, when, as a matter of law, notice to the creditor, Mr. Hassan, and his subsequent action or inaction are where the focus should be.

49. Per the Debtor, the Sheriff ceased efforts to enforce the writ, per the Debtor, on June 7, 2018. The Debtor was never dispossessed of the Property and there was no prior action allegedly

taken by the Sheriff that needed to be or could be remedied – there was no alleged violation that needed undoing.

50. The Motion suggests that the Debtor is entitled to fees, costs and further damages for emotional distress against the Sheriff.

51. The Sheriff has sought discovery regarding the Debtor's damages including the facts and circumstances of the six alleged "visits" to the Property, but has been forestalled in discovery efforts to date.

52. The only evidence offered in support of Debtor's claim for emotional distress damages is an unsigned declaration of Barrington Whyte.

53. Mr. Whyte is refusing to further participate in these proceedings, the Debtor is allegedly incapable of testifying on his own behalf and there have been no other witnesses proffered by the Debtor.

54. Simply because there is allegedly no one to testify on the Debtor's behalf does not entitle the Debtor to the damages sought and without proof of actual damages, an award of fees and costs is inappropriate.

55. The policy of discouraging willful violations of the automatic stay must be tempered with a reluctance to foster a "cottage industry" around fee litigation. Litigation over alleged violations that do not cause damages must be avoided. *In re Miller*, 447 B.R. 425, 434–35 (Bankr. E.D. Pa. 2011) (citations omitted).

56. The Debtors Motion is based upon contested issues of fact and is unsupported by any argument entitling him to judgment as a matter of law against the Sheriff. Accordingly, the Motion must be denied.

WHEREFORE, the City respectfully requests that the Court deny Lyndel Toppin's Motion for Judgment on the Pleadings and grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: June 12, 2019        By:    */s/ Megan N. Harper*
MEGAN N. HARPER
Deputy City Solicitor
PA Attorney I.D. 81669
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov