IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
In re:                                            :
                                                  :    Chapter 13
                                                  :
LYNDEL TOPPIN,                                    :
                                                  :    Bankruptcy No. 18-13098 (MDC)
         Debtor.                                  :
---------------------------------------------------------x
---------------------------------------------------------x
                                                  :
LYNDEL TOPPIN,                                    :
                                                  :
                                                  :    Adv. Pro. No. 18-00137 (MDC)
         Plaintiff,                               :
                                                  :
         v.                                       :
                                                  :
JEWELL WILLIAMS SHERIFF                           :
OF THE CITY OF PHILADELPHIA and                   :
ABDELDAYEM HASSAN a/k/a                           :
ABDELDYEM HASSAN,                                 :
                                                  :
         Defendant                                :
---------------------------------------------------------x

**THE SHERIFF OF THE CITY OF PHILADELPHIA'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his undersigned counsel, submits this Motion for Summary Judgement and in support thereof avers the following:

1.  Plaintiff, Lyndel Toppin (the "Plaintiff"), commenced this Adversary Proceeding against the Sheriff and co-defendant Abdeldayem Hassan alleging willful violations of the automatic stay under Section 362(a) of Chapter 11 of title 11 of the United States Code § 101, et seq. (the "Bankruptcy Code") for post-petition enforcement of a writ of possession against unknown occupants at 146 S. 62nd Street, Philadelphia, Pennsylvania.

2.  According to the Plaintiff, execution of the writ was: 1) the commencement or continuation of a judicial proceeding; 2) the enforcement of a judgment against the Debtor or

property of the estate, and; 3) an act to obtain possession of property of the estate or property from the estate. *See* Debtor's Second Amended Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City of Philadelphia and Abdeldyem Hassan a/k/a Abdeldyem Hassan (the "Complaint") [Docket No. 29] at p. 2.

3. The Plaintiff seeks damages including emotional distress and punitive damages, costs and attorney's fees pursuant to Section 362(k) of the Bankruptcy Code. *See* Complaint, pp. 10-12.

4. The Complaint's allegations of liability against the Sheriff are unsupported by fact or law.

5. As set forth more fully in the City's Memorandum of Law in Support of Summary Judgment, the Sheriff is entitled to quasi-judicial immunity for conduct in execution of an order of court.

6. In addition, executing the writ was a ministerial act that is not subject to the Bankruptcy Code's automatic stay.

7. To the extent the Court is not inclined to grant summary judgement in the Sheriff's favor and dismiss the Complaint entirely, the Sheriff is entitled to partial summary judgment with respect to damages.

8. Emotional distress damages cannot be awarded against the Sheriff pursuant to 11 U.S.C. § 106(a)(5) and the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, *et seq*.

9. Nor does the Sheriff's alleged conduct rise to a level such that Plaintiff could recover damages for emotional distress in this case. Plaintiff only generally averred as to the

nature of his emotional injuries and has not produced any medical evidence to corroborate the harm or to establish a causal connection to the Sheriff's actions.

10. Lastly, Plaintiff may not seek punitive damages against the Sheriff pursuant to 11 U.S.C. § 106(a)(3).

11. The Sheriff is entitled to summary judgment in his favor for the reasons set forth herein and as more fully set forth in the Memorandum of Law.

WHEREFORE, the Sheriff respectfully requests that the Court grant summary judgment in his favor, dismiss the Complaint with prejudice and grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: December 26, 2019    By:    */s/ Megan N. Harper*
MEGAN N. HARPER
Deputy City Solicitor
PA Attorney I.D. 81669
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov