# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | |
| : | Chapter 13 |
| LYNDEL TOPPIN, : | |
| : | |
| Debtor. : | Bankruptcy No. 18-13098 (MDC) |
| : | |
| LYNDEL TOPPIN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Adv. Proc. No. 18-00137 (MDC) |
| : | |
| JEWELL WILLIAMS, SHERIFF : | |
| OF THE CITY OF PHILADELPHIA and : | |
| ABDELDAYEM HASSAN a/k/a : | |
| ABDELDYEM HASSAN, : | |
| : | |
| Defendants. : | |

**LYNDEL TOPPIN'S MOTION FOR SANCTIONS, ATTORNEYS FEES, AND COSTS AGAINST JEWELL WILLIAMS, SHERIFF PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7037(c)**

AND NOW, comes the Debtor/Plaintiff, Lyndel Toppin, by and through his attorneys, Predrag Filipovic, Esquire and Stephen Dunne, Esquire, and prays that this Honorable Court enter a Sanctions Order in Form Proposed hereto, and in Support Thereof States as follows:

1. Defendant, Abdeldayem Hassan testified under oath at his deposition on 11/06/19 that he visited the Philadelphia Sheriff's Office (Sheriff's Office) when he received original notice of the Toppin bankruptcy and that a Sheriff's Officer took the notice from him and stated "**Okay, we have to stop what we are doing**."

Hassan Dep. 46:9-20, Nov. 6, 2019. See Exhibit A.

2. Defendant, Hassan testified as follows:

> Q. Tell me what you did with the letter at the sheriff's office.
>
> A. I went to the sheriff's office, I think I went to the third floor. I went there and they said -- they saw the letter and they told me I had to go to another level. I don't know, maybe the fifth floor. They called someone. They told me, you're not allowed to go there by yourself. They called someone and the lady came out and met me at the fifth floor steps, at the elevator, and she took the letter from me and she read it and she said, okay, we have to stop what we are doing, and she kept the letter.
> Hassan Dep. 46:9-20, Nov. 6, 2019. See Exhibit A.

3. To date, the Sheriff's Office has not produced the Notice of Bankruptcy Case Filing that was taken from Defendant, Hassan when he visited the Sheriff's Office in early May 2018.

4. To date, the Sheriff's Office has not identified or produced for deposition the Sheriff's Officer that advised Mr. Hassan that "we must stop what we are doing," in early May 2018, filled out the Sign-In Log; took his ID; and failed to comply with Sheriff's Directive #28. See Exhibit B.

5. Defendant, Hassan testified as follows:

> Q. Did they ask you for ID?
> A. They asked for ID.
> Q. They did?
> A. Yes.
> Q. Did you see them write down your name down from that ID?
> A. They looked at the ID and gave it to me back.
> Hassan Dep. 49:2-14, Nov. 6, 2019. See Exhibit A.

6. To the contrary, the Sheriff did file a Motion for Summary Judgment heavily relying on information withheld from Plaintiff, containing the Sign-In Log, referring to it however as the "June 25, 2018" Log. See Doc 72-13. See Exhibit C.

7.  Deposition of the Sheriff's Officer that personally spoke with Defendant, Hassan and confiscate the Notice of Bankruptcy Case Filing is crucial as the "Sign-In Log" itself contains information relating to events that occurred months before "June 25, 2018", and thereby skew the event timeline in a manner favorable to the Sheriff. [1]

8.  To date, the Sheriff's Office has also declined to produce for deposition Deputy Monte Guess who was the supervisor of the Civil Enforcement Unit during the relevant time period – May through June 2018.

9.  Incredibly, the Sheriff's Office choose to designate an organizational representative who was actually assigned to the **Fugitive Warrant Unit** during the same time period in 2018.

10. Deputy Sean Thornton testified as follows:

> Q. So, between April and August of 2018, you really had nothing to do with Civil Enforcement, is that correct?
> A. I was not assigned –yeah, I was not assigned to Civil Enforcement, that is correct.
> Thornton Dep. 9:18-12, Dec. 12, 2019. See Exhibit D.
>
> Q. Okay. So, at the time that we are here inquiring about, what was your job then?
> A. I was assigned to the **Fugitive Warrant Unit**.
> Thornton Dep. 9:13-17, Dec. 12, 2019. See Exhibit D.

11. Deputy Guess was also a direct supervisor of Officer Taylor who personally appeared at the property and served the Notices to Vacate and Notices to Evict at issue in this proceeding, at all times acting under direction of Deputy Guess.

12. In the same fashion as with the "Sign-In Log", Sheriff did include and heavily relies on actions and documents of Deputy Guess, the crucial undisclosed deponent. See Doc. 72-14. See Exhibit E.

---

[1] E.g. on the same sheet of paper, writ number above Toppin's is 231900 pertaining to 6709 Wolston Ave. was an April 2018 sale date. Toppin's entry below pertains to BK, in early May 2018. June 25th date appears to be hand written on the top of the page, as opposed to assigned chronologically by electronic time stamp.

13. Sheriff's Office have failed to provide:

   a) Notice of Bankruptcy Case Filing that was taken from Defendant, Hassan at Sheriff's Office in May 2018, or an affidavit as to its unavailability;

   b) Produce the Sheriff's Officer who corresponded with Defendant, Hassan on the day at issue in May 2018, to answer questions regarding discrepancies of the "June 25, 2018" log and explain the Officer's compliance with Sheriff's Directive #28 which states "ALL LEGAL ACTION IS TO STOP," upon receipt of a bankruptcy;

   c) Produce Deputy Monte Guess who was the supervisor of the Civil Enforcement Unit which is alleged to have taken acts to violate the automatic stay, during the relevant time period, and was the direct supervisor of Officer Taylor, who did personally serve the Notices to Vacate and Notices to Evict at issue in this proceeding upon Plaintiff's property.

14. Sanctions under Rule 26/Rule 7026/Rule 7037 are appropriate and warranted due to the persistent failure of the Sheriff to:

   a) Disclose the location and content of the documents that are the subject matter of the pending Motion to Compel, which are material to the Notice element, as well as the willfulness of Sheriff's non-compliance with the Automatic Stay; See *Carmody v. Kansas v. City Bd. Of Police Comm'rs*, 713 F.3d 401, 405 (8th Cir. 2013)(A Party may move for sanctions if the other party refuses to disclose information required by FRCP 26(a) or (e) without substantial justification.

   b) Disclose the identity of, and produce for a Deposition the Officer who is alleged to have communicated directly with Mr. Hassan and who confiscated the Notice letter

from him and failed to comply with Sheriff's Directive #28; See *Leonard v. Stemtech Int'l*, 834 F.3d 376,402 (3d. Cir. 2016)(A party may ask the court to award sanctions in the form of reasonable expenses, including attorney fees, if a party responding to a request for admissions does not admit what is requested and the requesting party later proves a document to be genuine or the matter true).

c) Despite clarity of the 30(b)(6) Notice, the Sheriff failed to produce for a Deposition Deputy Monte Guess who was the supervisor of the Civil Enforcement Unit at the time relevant events occurred, direct supervisor of the officer who personally appeared at Plaintiff's property to serve the eviction paperwork ("Taylor"), and who is the author of the notes in the system and other relevant documents which Defendant has relied on heavily and attached them to their Motion for Summary Judgment; See 30(b)(6) Notice attached as Exhibit F. See *Resolution Trust Corp. v. Southern Un. Co.*, 985 F.2d 196, 197 (5th Cir. 1993)(An organization can be sanctioned if it refuses to designate a person or if it designates someone without knowledge of the matters about which the organization will testify).

d) Delaying all depositions of its deponents, until well beyond Nov 26th 2019 discovery deadline which has resulted in the Plaintiff filing a Motion to Compel and needlessly and vexatiously protracting the litigation;

e) Filing a Motion for Summary Judgment claiming no issue of material facts exist, while withholding material facts and witnesses as cited above. See *In re Mezvinsky*, 265 BR 681 (Bankr. EA PA 2001)(Summary judgment is warranted only where "the pleadings, depositions, answers to interrogatories and admissions on file, and

> affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.").

15. Such conduct is prejudicial to Plaintiff as it denies him access to otherwise discoverable non-privileged information. Plaintiff has offered Sheriff to comply with discovery obligations properly and withdraw its Motion for Summary Judgment which can be refiled at a later date, when all discovery was properly done, to no avail. See Exhibit G.

16. Courts have repeatedly sanctioned counsel under § 1927 for causing similar conduct. See e.g., *Hilburn v. Bayonne Parking Auth*., __ F. App'x __, 2014 WL 1328146 (3d Cir. Apr. 4, 2014) (upholding sanctions where counsel delayed deposition by filing frivolous opposition brief requiring continuance); *Carlson v. Bosem*, No. 06-13904, 2007 WL 1841067, at *2 n.4 (11th Cir. June 28, 2007) ("[S]anctions may be imposed on a person causing a delay or otherwise frustrating the examination of a deponent."); *Manville Sales Corp. v. Paramount Sys., Inc*., No. 86-4157, 1988 WL 3855 (E.D. Pa. Jan. 20, 1988) ("[C]ounsel's conduct in making his own judicial determination to whether or not the witness should or should not be produced for deposition rises to the level appropriate for sanctions under 28 U.S.C. § 1927 and the inherent power of the court."); *Nike, Inc. v. Top Brand Co. Ltd*., 216 F.R.D. 259, 276 (S.D.N.Y. 2003) ("When counsel's conduct unnecessarily delays the discovery proceedings, § 1927 sanctions are appropriate."); *Morales v. Zondo, Inc*., 204 F.R.D. 50, 55-57 (S.D.N.Y. 2001) (attorney ordered to pay counsel fees where he unnecessarily delayed deposition); *Unique Concepts, Inc. v. Brown*, 115 F.R.D. 292, 293-94 (S.D.N.Y. 1987) (counsel's obstructive conduct during deposition warranted sanctions under § 1927).

WHEREFORE, Plaintiff, by and through his counsel, respectfully request that this Honorable Court issue an Order compelling Defendant, Jewell Williams to respond to Plaintiff's Interrogatories and Notice for Production of Documents within 10 days.

Dated:  January 15, 2020

| | |
|---|---|
| By: /s/ *Predrag Filipovic* | BY: /s/ *Stephen M. Dunne* |
| **Predrag Filipovic, Esquire** | **Stephen M. Dunne, Esquire** |
| 1735 Market St., Suite 3750 | 1515 Market Street, Suite. 1200 |
| Philadelphia, PA 19103 | Philadelphia, PA 19102 |
| 267-265-0520 Phone | (215) 551-7109 Phone |
| Attorney for Plaintiff | Attorney for Plaintiff |