## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------x
In re:                                          :
                                                :    In Chapter 13
LYNDEL TOPPIN,                                   :
                                                :    Bankruptcy No. 18-13098 (MDC)
            Debtor.                              :
-------------------------------------------------------x
-------------------------------------------------------x
                                                :
LYNDEL TOPPIN,                                   :
                                                :
            Plaintiff,                           :    Adv. Pro. No. 18-00137 (MDC)
                                                :
      v.                                         :
                                                :
JEWELL WILLIAMS, SHERIFF                         :
OF THE CITY OF PHILADELPHIA and                  :
ABDELDAYEM HASSAN a/k/a                          :
ABDELDYEM HASSAN,                                :
                                                :
            Defendants.                          :
-------------------------------------------------------x

## RESPONSE TO LYNDEL TOPPIN'S MOTION FOR SANCTIONS, ATTORNEYS FEES, AND COSTS AGAINST JEWELL WILLIAMS, SHERIFF PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7037(c)

AND NOW, the Defendant Jewell Williams, Sheriff of the City of Philadelphia (the

"Sheriff"), by and through its undersigned counsel, hereby responds to the Motion for Sanctions,

Attorneys Fees, and Costs Against Jewell Williams, Sheriff, Pursuant to Federal Rule of

Bankruptcy Procedure 7037(c) (the "Motion for Sanctions"), as follows:

1.      Admitted in part, denied in part. It is admitted that Defendant Abdeldayem

Hassan was deposed on November 6, 2019, and that during said deposition Defendant Hassan

gave testimony regarding a letter he received and what he did with the letter. The remainder of

the allegations are specifically denied as a misrepresentation or mischaracterization of Defendant

Hassan's testimony. By way of further response, Defendant Hassan testified that he only

received one letter from counsel Stephen Dunne, but that he didn't know what date he received it

or what the letter said. *See* Motion for Sanctions, Exhibit A, Hassan Dep. 43:24–44:3, 44:15–24,

45:19–46:6, 46:9–21, 47:20–23, 48:5–8, 48:16–20, 49:15–18, 49:24–50:16, 61:13–21, 77:11–17,

Nov. 6, 2019. Throughout the Motion for Sanctions, Plaintiff characterizes the document

Defendant Hassan received as an "original notice" or "Notice of Bankruptcy Case Filing." This

is a mischaracterization of Defendant Hassan's testimony, he spoke only of a letter. The

document sought by Plaintiff in the 30(b)(6) Notice that was served on December 5, 2019

referred to a letter.[1] *See* Motion for Sanctions, Exhibit F.

      2.      Admitted. By way of further response, to complete Defendant Hassan's quote,

Plaintiff left out the final line of Hassan's response in which he says, "I wish I could give you a

date." *See* Motion for Sanctions, Exhibit A, Hassan Dep. 46:21. Throughout the Motion for

Sanctions, Plaintiff mischaracterizes Defendant Hassan's testimony to suggest that Defendant

Hassan brought the letter to the Sheriff in May 2018. This is unsupported by the quoted

testimony Plaintiff relies upon.

      3.      Denied as stated. By way of further response, it is admitted that the Sheriff has

not produced the letter first testified to by Defendant Hassan on November 6, 2019. The letter

was purportedly from Plaintiff's counsel and addressed to Defendant Hassan; neither of those

parties have produced the letter either. The Sheriff has produced the records in its possession

regarding this matter. The Sheriff responded to Plaintiff's requested discovery and produced the

requested documentation by email and first-class mail on August 23, 2019. Furthermore, it is a

---

[1] Defendant Hassan never stated that he received a "notice." It was only when Defendant Hassan's counsel asked Defendant Hassan leading questions that the document Defendant Hassan was testifying to was referred to as notice. *See* Motion for Sanctions, Exhibit A, Hassan Dep. 60:1–5, 77:11–17, 78:21–79:6. In contrast, Defendant Hassan's own testimony was as to a letter, addressed to him.

mischaracterization to state that Defendant Hassan brought a "Notice of Bankruptcy Case Filing"

to the Sheriff. *See* Sheriff's response to paragraph 1 of the Motion for Sanctions, supra. It is a

further mischaracterization to state that the "Notice of Bankruptcy Case Filing" was brought to

the Sheriff in May 2018. *See* Sheriff's response to paragraph 2 of the Motion for Sanctions,

supra. Defendant Hassan testified that he brought a letter to the Sheriff on a Friday following

prayer, but was never able to affirm a specific date or even the month in which he went to the

Sheriff's Office. *See* Motion for Sanctions, Exhibit A, Hassan Dep. 43:24–44:3, 44:15–24,

45:19–46:6, 46:9–21, 61:13–62:13. Further discovery has revealed that Defendant Hassan visited

the Sheriff's Office on Friday, June 22, 2018 at 11:37 a.m. A true and correct copy of the

Sheriff's Sign-In Log is attached hereto as Exhibit "A."

      4.      Denied as stated. It is denied, as implied by the question, that the Sheriff's Office

has been asked to or was obligated to produce the unidentified individual with whom Defendant

Hassan allegedly spoke to on an unknown date. It is a mischaracterization to state that this

alleged interaction occurred in early May 2018. *See* Sheriff's response to paragraph 3 of the

Motion for Sanctions, supra. It is a further mischaracterization, or at least an assumption of facts

not in evidence, that the person who allegedly had an interaction with Defendant Hassan was the

same person that took his ID or that the individual failed to comply with Sheriff's Directive #28.

A plain reading of the only supporting document for these alleged facts, Defendant Hassan's

testimony, does not support the factual allegations set forth in paragraph 4.

      5.      Admitted.

      6.      Denied. The Sheriff's Motion for Summary Judgment, Memorandum of Law in

Support thereof, and attached exhibits are documents in writing which speak for themselves. Any

characterization of the documents is denied. By way of further response, it is specifically denied

that the Sheriff withheld information from Plaintiff. By way of further response, the document

attached as Exhibit C to the Motion for Sanctions is a possession log showing that the Sheriff's

Office had documented Mr. Toppin's bankruptcy filing, not a "Sign-In Log" as Plaintiff is

referring to in the Motion for Sanctions at paragraph 6. When comparing the "Sign-In Log" to

the possession log, the two are easily distinguishable. *See* Ex. A attached hereto; *see also,*

Motion for Sanctions, Exhibit C.

7.      Denied. The allegations of paragraph 7 are unclear. Accordingly, the Sheriff is

without sufficient information to admit or deny the allegations. The allegations are therefore

denied, and strict proof thereof is demanded at the time of hearing on the Motion for Sanctions.

By way of further response, it is either a mischaracterization of testimony or an assumption of

facts not in evidence that a "Notice of Bankruptcy Case Filing" was "confiscated" from

Defendant Hassan. *See* the Sheriff's response to paragraphs 1 and 3 of the Motion for Sanctions,

supra. In addition, the "Sign-In Log", as requested by Plaintiff, has been produced and it reveals

that Defendant Hassan visited the Sheriff's Office on Friday, June 22, 2018 at 11:37 a.m. *See* Ex.

A attached hereto. Although this timeline may favor the Sheriff, that is simply a matter of fact,

not a matter of design as implied by the allegations of paragraph 7 of the Motion for Sanctions.

8.      Denied. Lieutenant Sean Thornton testified that Inspector Al Innaurato, and not

Monte Guess, was the supervisor of the Civil Enforcement Unit during May through June 2018.

*See* Motion for Sanctions, Exhibit D, Thornton Dep. 12:6–12, Dec. 12, 2019. By way of further

response, Plaintiff did not request that Inspector Monte Guess be produced for a deposition prior

to the Sheriff timely filing the Motion for Summary Judgment. A true and correct copy of

Plaintiff's counsel's email dated December 29, 2019, is attached hereto as Exhibit "B." Plaintiff

has not sought leave of court to notice an additional 30(b)(6) deposition nor has Plaintiff noticed

Inspector Guess for a deposition in his individual capacity. Lastly, Plaintiff has not adequately

explained how the 30(b)(6) witnesses, Lieutenant Thornton and Deputy Jetaria Taylor, failed to

adequately testify as to matters known or reasonably available to the Sheriff's Office.

9.     Admitted. By way of further response, Lieutenant Thornton was assigned to the

Civil Enforcement Unit from January 2015 to October 2017, and December 2018 until present.

*See* Motion for Sanctions, Exhibit D, Thornton Dep. 10:20–11:6.

10.    Admitted.

11.    Admitted in part, denied in part. It is admitted only that Deputy Taylor visited the

property two times in an attempt to serve a Notice to Vacate and a Notice of Eviction. The

remainder of the allegations are specifically denied.

12.    Denied. The Sheriff's Motion for Summary Judgment, Memorandum of Law in

Support thereof, and attached exhibits are documents in writing which speak for themselves. Any

characterization of the documents is denied. By way of further response, two witnesses were

produced in response to Plaintiff's 30(b)(6) Notice, as drafted by Plaintiff. Plaintiff chose not to

inquire about the document attached as Exhibit E to the Motion for Sanctions, which was

produced in discovery by email and mail on August 23, 2019.

13.    (a) Denied as stated. Again, it is denied, as either mischaracterizations of

testimony or assumption of facts not in evidence, that a "Notice of Bankruptcy Case Filing" was

"confiscated" from Defendant Hassan at the Sheriff's Office in May 2018. *See* the Sheriff's

response to paragraphs 1 and 3 of the Motion for Sanctions, <u>supra</u>. It is admitted that the Sheriff

has not produced a letter written from Plaintiff's counsel and addressed to Defendant Hassan and

neither has Plaintiff or Defendant Hassan. By way of further response, the Sheriff has produced

the documents in its possession related to this matter.

(b) Denied as stated. It is specifically denied, to the extent it is implied, that the

Sheriff was asked to produce for deposition the unidentified individual that allegedly spoke with

Defendant Hassan on an unknown date or that this was a subject identified on Plaintiff's 30(b)(6)

Notice dated December 5th. *See* the Sheriff's response to paragraph 4 of the Motion for

Sanctions, supra. It is further denied as a mischaracterization of testimony or assumption of facts

not in evidence that the alleged interaction occurred on a day in May 2018. *See* the Sheriff's

response to paragraph 3 of the Motion for Sanctions, supra. The Sheriff is at a loss as to what

discrepancies the Plaintiff alleges exist with respect to the "June 25, 2018" log, or who it is that

Plaintiff alleges failed to comply with the Sheriff's Directive. Accordingly, the Sheriff is unable

to admit or deny these allegations.

(c) Admitted in part, denied in part. It is admitted that the Sheriff has not

produced Inspector Monte Guess for a deposition. The remainder of the allegations are

specifically denied. By way of further response, Plaintiff did not request that Inspector Monte

Guess be produced for a deposition prior to the Sheriff filing a timely Motion for Summary

Judgment. *See* Ex. B attached hereto. Plaintiff's counsel never requested Inspector Guess'

deposition during the discovery period, has not sought leave of court for an additional 30(b)(6)

deposition and has not noticed Inspector Guess for a deposition in his individual capacity.

Moreover, Plaintiff does not allege that Lieutenant Thornton and Deputy Taylor were not proper

witnesses to produce in response to Plaintiff's 30(b)(6) Notice.

14.     Denied. The allegations of paragraph 14 are conclusions of law to which no

response is required. To the extent a response is required, the allegations are denied and strict

proof thereof is demanded at time of hearing on the Motion for Sanctions. By way of further

response, sanctions are inappropriate because:

(a)      The Sheriff has produced the "Sign-In Log" or "Visitor Log" requested in the
pending Motion to Compel Discovery Responses by Jewell Williams, Sheriff ("Motion to
Compel") [Docket No. 59]. As previously stated, it is admitted that the Sheriff has not produced
the letter first testified to by Defendant Hassan on November 6, 2019. The letter was purportedly
from Plaintiff's counsel and addressed to Defendant Hassan; neither of those parties have
produced the letter either. *See* the Sheriff's response to paragraph 3 of the Motion for Sanctions,
supra. The Sheriff has produced the records in its possession regarding this matter. Further, this
letter is not material to Plaintiff's case. Although Defendant Hassan did not remember when he
visited the Sheriff's Office, he testified that he was sure it was on a Friday. *See* Motion for
Sanctions, Exhibit A, Hassan Dep. 61:13–62:13; *see also,* Sheriff's response to paragraph 3 of
the Motion for Sanctions, supra. As made clear from the Sign-In Log produced, Defendant
Hassan visited the Sheriff's Office on June 22, 2018. *See* Ex. A attached hereto. It is uncontested
that the Sheriff had already stopped all enforcement activity by that date. As such, the Sheriff's
inability to locate and produce the letter testified to by Defendant Hassan, and which Plaintiff
presumably already has a copy of, does not harm Plaintiff's case.

(b)      Again, it is denied, to the extent it is implied, that the Sheriff was asked to
produce for deposition the unidentified officer that allegedly spoke with Defendant Hassan on an
unknown date or that this was a subject identified on Plaintiff's 30(b)(6) Notice dated December
5th. *See* the Sheriff's response to paragraph 4 of the Motion for Sanctions, supra. By way of
further response, it is either a mischaracterization of testimony or an assumption of facts not in
evidence that a "Notice of Bankruptcy Case Filing" was "confiscated" from Defendant Hassan.
*See* the Sheriff's response to paragraphs 1 and 3 of the Motion for Sanctions, supra. Further still,
the Sheriff is at a loss as to who it is that Plaintiff alleges failed to comply, and how they

allegedly failed to comply, with the Sheriff's Directive. Lastly, Plaintiff cites to case law awarding expenses under 37(c)(2) concerning a party's failure to admit statements requested under Rule 36 and later proven to be true. Plaintiff, however, has failed to clarify what requests under Rule 36 were proven true, or how this relates to the matter at hand. As such, this argument and citation are inappropriate.

(c)    Counsel for the Sheriff presented two witnesses who were able to testify to all of the areas presented in Plaintiff's draft of a 30(b)(6) Notice for deposition. Lieutenant Sean Thornton ably testified to all aspects of the departmental policies and procedures of the Sheriff's Civil Enforcement Unit, including how bankruptcy information and correspondence is handled by the Unit, as well as when the Unit received notice of the bankruptcy. Deputy Jetaria Taylor ably testified to the actions she took concerning the property in question and service of Defendant Hassan's Writ of Possession. Plaintiff's counsel did not object to taking their testimony during the deposition, nor did he express dissatisfaction afterwards. Inspector Monte Guess was neither noticed for a deposition, nor was his deposition requested prior to the Sheriff submitting a Motion for Summary Judgment. Counsel claims that the Motion for Summary Judgment relies heavily on Monte Guess but fails to indicate how he is relied upon. Lastly, Plaintiff has filed this Motion for Sanctions under Rule 7037(c), but cites to a case seeking sanctions under 37(d), which states in pertinent part that a court may order sanctions if a person designated under Rule 30(b)(6) fails to appear for their deposition after being served with proper notice. Not only did the Sheriff's 30(b)(6) designated witnesses attend their deposition, both witnesses testified knowledgably about the areas designated by Plaintiff. As such, this argument and citation are inappropriate.

(d) This adversary proceeding was filed on June 11, 2018. A pre-trial order with a discovery deadline of April 03, 2019 was entered. [Docket No. 42]. An amended Scheduling Order was filed on July 18, 2019, which extended the discovery deadline to November 26, 2019. [Docket No. 56]. Plaintiff waited until the month discovery was due to end before pursuing depositions. Plaintiff sent a draft proposed 30(b)(6) Notice on November 1, 2019, a year and a half after the case was filed, with no proposed dates for the deposition(s). A true and correct copy of the November 1, 2019 email is attached hereto as Exhibit "C." Defendant Hassan was not deposed until November 6, 2019. Following Defendant Hassan's deposition and at the time that dates for the Sheriff's witnesses were scheduled, a stipulated extension of deadlines was offered. A true and correct copy of the December 4, 2019 email is attached hereto as Exhibit "D." As late as December 5, 2019, Plaintiff's counsel flatly refused the offer, stating "we are not concerned about [the] discovery deadline," preferring instead to file motions to compel against the Sheriff. A true and correct copy of the December 5, 2019 email is attached hereto as Exhibit "E." In response to Plaintiff's untimely Notice of Deposition sent December 6, 2019, the Sheriff offered a second opportunity for a stipulated extension of the discovery deadlines to Plaintiff's counsel via email on December 6, which was refused. A true and correct copy of the December 6, 2019 email is attached hereto as Exhibit "F." It was not until the Sheriff filed a timely summary judgment motion on December 26, 2019 that Plaintiff's counsel asked the Sheriff to withdraw the motion for summary judgment and agree to extend the deadlines. *See* Ex. B attached hereto. The Sheriff should not be sanctioned for the Plaintiff's litigation strategy.

(e)     The Sheriff timely and appropriately filed a motion for summary judgment since there are no genuine issues of material fact left to be tried. The Sheriff has been forthright in disclosing individuals with knowledge and has worked diligently with opposing counsel to

produce witnesses who ably testified to all of the areas specified in Plaintiff's 30(b)(6) Notice.

The Sheriff couldn't have withheld any deponents, as no other individuals were requested for

deposition during discovery. Further, the only document that the Sheriff has been unable to

produce is a letter admittedly received by Defendant Hassan and sent by Plaintiff's counsel, and

neither of them have produced it. Lastly, the letter is immaterial to the matters at issue. The

Sheriff stated during discovery that notice was received prior to Defendant Hassan's visit to the

Sheriff's Office on June 22, 2018, and it is uncontested that the Sheriff did not take any action

after that date the Sheriff received notice.

15.    Admitted in part, denied in part. It is admitted only that Plaintiff's counsel

emailed counsel for the Sheriff on January 4, 2020. To the extent the allegations of paragraph 15

are conclusions of law to which no response is required, they are deemed denied. By way of

further response, Plaintiff's January 4, 2020, offer to extend the discovery deadline and motions

deadlines came after the Sheriff timely filed the Motion for Summary Judgment on December

26, 2019. This offer came after Plaintiff rejected the Sheriff's offers to extend the deadlines

made on December 4, and December 6, 2019. *See* Exs. D and F attached hereto; *see also*,

Sheriff's response to paragraph 14(d) of the Motion for Sanctions, <u>supra</u>. As previously noted,

Plaintiff's counsel stated on December 5, 2019 that "we are not concerned about [the] discovery

deadline." *See* Ex. E attached hereto. Now, only after the Sheriff has timely filed a Motion for

Summary Judgment, is Plaintiff's counsel concerned about extending the discovery deadlines.

16.    The allegations of paragraph 16 are conclusions of law to which no response is

required. To the extent a response is required, the allegations are denied and strict proof thereof

is demanded at the time of hearing on the Motion for Sanctions. By way of further response,

Plaintiff fails to cite the legal standard for sanctions under Rule 7037(c), but rather cites to

sanctions awarded against counsel under 28 U.S.C. § 1927. The legal standard for imposing

sanctions pursuant to § 1927 is that the "movant must show by clear and convincing evidence

that sanctions are warranted." *Marino v. Usher*, CIV. 11-6811, 2014 WL 2116114, at *6 (E.D.

Pa. May 21, 2014), *aff'd*, 673 Fed.Appx. 125 (3d Cir. 2016) (citing *Rich Art Sign Co. v.

Ring,* 122 F.R.D. 472, 474 (E.D. Pa.1988)). Sanctions are warranted when an attorney "has (1)

multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the

cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Marino*,

2014 WL 2116114, at *6 (citing *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d

Cir.2008)). Plaintiff's string citation, concerning attorneys who have committed acts of bad faith

and intentional misconduct, appears to be taken directly from *Marino v. Usher*. 2014 WL

2116114, at *8. In *Marino*, the court was deeply troubled by the sanctionable attorney's hostile

nature toward opposing counsel and egregious actions towards defendants. Concerning matters

of discovery, the court recounted how the sanctioned attorney, Plaintiff's counsel, refused to

work with opposing counsel to schedule depositions, and then acted in ways to obstruct them

once underway. *Id.* at *1–2. Additionally, Plaintiff's counsel's misrepresentations to an

unrepresented defendant not only allowed Plaintiff's counsel to covertly obtain a default

judgment against said defendant, but the attorney's conduct so frustrated the co-defendant's

deposition of the unrepresented party that opposing counsel was forced to reschedule their

deposition, at great cost and delay to opposing counsel, until the unrepresented party could

obtain counsel. *Id.* at *4–6. Here, counsel for the Sheriff has diligently worked with opposing

counsel to schedule the deposition of the Sheriff's witnesses and to obtain the documents

requested, has offered on numerous occasions prior to filing the Motion for Summary Judgment

to extend deadlines to avoid the need for any motion to compel, has not multiplied hearings, and

has acted throughout these proceedings in good faith. Sheriff's counsel even consented to allow

the hearing on this Motion for Sanctions, which was filed only January 15, 2020, to be scheduled

less than two weeks later on the same date as the Plaintiff's Motions to Compel to avoid multiple

hearings. As such, Sheriff's counsel should not be sanctioned under § 1927.

   WHEREFORE, the Sheriff, by and through its undersigned counsel, respectfully requests

that this Honorable Court issue an Order denying Plaintiff's Motion for Sanctions.

         Respectfully submitted,

         THE CITY OF PHILADELPHIA

Dated: January 23, 2020   By:  */s/ Megan N. Harper*
         MEGAN N. HARPER
         Deputy City Solicitor
         PA Attorney I.D. 81669
         Attorney for the City of Philadelphia
         Municipal Services Building
         1401 JFK Boulevard, 5th Floor
         Philadelphia, PA 19102-1595
         215-686-0503 (phone)
         Email: Megan.Harper@phila.gov