IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
In re:                                          :
                                                :   Chapter 13
                                                :
LYNDEL TOPPIN,                                  :
                                                :   Bankruptcy No. 18-13098 (MDC)
         Debtor.                                :
---------------------------------------------------------x
---------------------------------------------------------x
                                                :
LYNDEL TOPPIN,                                  :
                                                :   Adv. Pro. No. 18-00137 (MDC)
         Plaintiff,                             :
                                                :
         v.                                     :
                                                :
JEWELL WILLIAMS SHERIFF                         :
OF THE CITY OF PHILADELPHIA and                 :
ABDELDAYEM HASSAN a/k/a                         :
ABDELDYEM HASSAN,                               :
                                                :
         Defendant                              :
---------------------------------------------------------x

**THE SHERIFF OF THE CITY OF PHILADELPHIA'S REPLY BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his Counsel, Megan N. Harper, Deputy City Solicitor, hereby files the following Reply Brief in Support of Motion for Summary Judgment.

**I.     PLAINTIFF IS SINGULARLY FOCUSED ON THE SHERIFF WHEN, IN FACT, FOCUS SHOULD BE UPON THE ACTION OR INACTION OF THE CREDITOR**

The Plaintiff's[1] Response in Opposition to Defendant's Motion for Summary Judgment [Docket No. 105] ("Plaintiff's Memorandum") makes it once again abundantly clear that the Plaintiff is singularly focused on the Sheriff's conduct. Plaintiff is asking this Court to hold the Sheriff, who is not a creditor, accountable for injuries allegedly caused by actions to enforce a

facially valid writ of possession issued by a state court. The Sheriff's actions were within the scope of the writ of possession and, per the Plaintiff, efforts to enforce the writ ceased by June 7, 2018. *See* Plaintiff's Memorandum, ¶ 22. The Plaintiff was never dispossessed of the Property and there was no prior action allegedly taken by the Sheriff that needed to be or could be remedied—there was no alleged violation that needed undoing.

Plaintiff has been laser focused on the Sheriff's conduct from the outset of this case. Perhaps that is because the judgment creditor, Abdeldayem Hassan, who was, as a matter of law, required to take action to stop enforcement efforts works at Boston Market doing deliveries, washing dishes and mopping inside the restaurant and also as a Lyft driver.[2] This case raises concerns similar to those expressed by the court in *In re Pursan*:

> While attorneys' fees and costs are recoverable under § 362(k), the fees and costs must be reasonable and necessary. *In re Robinson,* 228 B.R. 75, 85 (Bankr.E.D.N.Y.1998). "The policy of section 362[k], to discourage willful violations of the automatic stay, is tempered by a reasonableness standard born of courts' reluctance to foster a 'cottage industry' built around satellite fee litigation." *Id.* (citing *Putnam v. Rymes Heating Oils, Inc. (In re Putnam)*, 167 B.R. 737, 741 (Bankr.D.N.H.1994)). It is well established that "[r]easonable and necessary fees do not include unnecessary litigation costs." *Id.*; *see also Yarinsky v. Saratoga Springs Plastic Surgery, PC (In re Saratoga Springs Plastic Surgery, PC)*, No. 1:03CV896, 2005 WL 357207, at *54 (N.D.N.Y. Feb. 11, 2005), *aff'd,* 172 Fed.Appx. 339 (2d Cir.2006) ("[A]n 'excessively litigious approach' to violations of the automatic stay that do not cause damages in an[d] of themselves must be guarded against.").

*In re Prusan*, 495 B.R. 203, 208 (Bankr. E.D.N.Y. 2010). In *Pursan*, the creditor filed a motion for contempt in state court litigation against the debtor after the bankruptcy petition was filed. The creditor then notified the state court of the automatic stay, as required by law, before a

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sheriff's Memorandum of Law in Support of Motion for Summary Judgment [Docket No. 72].

[2] A true and correct copy of relevant portions of Abdeldayem Hassan's deposition are attached hereto as Exhibit A.

2

motion for sanctions for alleged stay violations was filed. The court found that, even assuming the creditor had notice of the bankruptcy when the motion for contempt was filed in state court, fees incurred in bringing the stay violation motion were neither reasonable nor necessary. *Id.*; *see also*, *In re Miller*, 447 B.R. 425, 435 (Bankr. E.D. Pa. 2011) (where creditor ceased violation of the stay unilaterally without any action required by the debtor and debtor later filed sanctions motion for stay violations, debtor was litigating something that did not need litigating).

Despite evidence to suggest that the creditor in this case failed to act in accordance with the law, the Plaintiff is and always has been more concerned with the Sheriff's conduct. There is no dispute that a suggestion of bankruptcy was never filed in the ejectment/possession action and there is no evidence that Mr. Hassan or the Court of Common Pleas judge directed the Sheriff to cease enforcement of the writ against unknown occupants of the Property. The duty to stop enforcement of the writ rested with the co-defendant, Mr. Hassan. Courts place the burden on the creditor to notify third-parties that the automatic stay is in place and efforts in furtherance of execution or enforcement must cease.

For example, in *In re Westman*, 300 B.R. 338 (Bankr. D. Minn. 2003), a county sheriff had lawfully seized a debtor's vehicle pre-petition pursuant to a writ of execution. The sheriff failed to release the vehicle post-petition upon notice of the bankruptcy without satisfaction of towing/storage fees. The bankruptcy court found the sheriff was entitled to a release from the creditor or an order from the court releasing him of his obligation under the writ of execution. The court felt it inappropriate to place the burden on the sheriff to determine the intent of the creditor or determine the nature of the debt when the burden is on the creditor, not the sheriff, to prevent stay violations. *In re Westman*, 300 B.R. at 345.

In *In re Hardesty*, 442 B.R. 110 (Bankr. N.D. Ohio 2010), the fact that three independent appraisers assigned by the sheriff were sent to the debtor's property post-petition in furtherance of execution on a pre-petition foreclosure process did not shield the mortgagee creditor from liability. The court reasoned that, "Once a creditor commences legal proceedings, it cannot disown all responsibility for actions taken by other parties in furtherance of the action." *In re Hardesty*, 442 B.R. at 115.

Lastly, in *In re Brown*, No. BR 12-14058, 2012 WL 3908029 (Bankr. E.D. Pa. Sept. 7, 2012), a pre-petition writ of execution was issued that directed the Sheriff of Chester County to levy upon debtors' property. The judgment creditors received notice of bankruptcy and failed to notify the Sheriff. The Sheriff served the execution writ post-petition. The judgment creditors disclaimed any liability for the Sheriff's conduct. The Court found the creditor had the duty to take affirmative action to notify relevant third parties that the bankruptcy stay was in place. *In re Brown*, 2012 WL 3908029, at *5–6.

The Sheriff, in contrast to a judgment creditor engaged in enforcement efforts against a debtor post-petition, had no discretion in performing his official duty when executing the writ on unknown occupants at the Property. It was not the Sheriff's burden to look beyond the facially valid writ to determine the nature of Mr. Hassan's legal right to possession versus the rights of the unknown occupants at the Property, it was Mr. Hassan's burden. Plaintiff's choice to 1) look passed the law that places the burden on the creditor to stop enforcement efforts; 2) largely ignore whether and when the judgment creditor received notice of the bankruptcy and his action or inaction in response thereto; and, 3) look directly at the Sheriff for compensatory and punitive damages is an unreasonable approach to litigation over alleged stay violations.

II. **QUASI-JUDICIAL IMMUNITY AND THE MINISTERIAL ACTS EXCEPTION ≠ ELEVENTH AMENDMENT IMMUNITY**

The Plaintiff misunderstands the Sheriff's arguments in support of summary judgment. The Sheriff does not disagree that Eleventh Amendment immunity has been abrogated by ratification of the Bankruptcy Clause at the Constitutional Convention. *Cent. Virginia Cmty. Coll. v. Katz*, 546 U.S. 356, 378, 126 S. Ct. 990, 1005, 163 L. Ed. 2d 945 (2006) ("In ratifying the Bankruptcy Clause, the States acquiesced in a subordination of whatever sovereign immunity they might otherwise have asserted in proceedings necessary to effectuate the *in rem* jurisdiction of the bankruptcy courts."). Nor does the Sheriff suggest that a claim for violation of the automatic stay does not implicate the Court's *in rem* jurisdiction. *Id.* at 378, 126 S.Ct. 990; *see also*, *In re Odom*, 571 B.R. 687, 694 (Bankr. E.D. Pa. 2017). The Sheriff is not arguing that sovereign immunity is an absolute defense to the Plaintiff's claims for alleged violations of the automatic stay under Section 362(k) of the Bankruptcy Code.

The Sheriff does argue, however, that quasi-judicial immunity extends to the Sheriff. Quasi-judicial immunity is not the same as sovereign immunity under the Eleventh Amendment. Rather, quasi-judicial immunity is an extension of the doctrine of judicial immunity, which has its origins in common law. *Forrester v. White*, 484 U.S. 219, 225, 108 S. Ct. 538, 543, 98 L. Ed. 2d 555 (1988) (judicial immunity was the settled doctrine of English courts and has not been denied by courts of this country). Quasi-judicial immunity is an offshoot of judicial immunity which extends to nonjudicial officers who perform functions closely associated with the judicial process. *In re Cedar Funding, Inc.*, 419 B.R. 807, 822 (B.A.P. 9th Cir. 2009); *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S. Ct. 496, 500, 88 L. Ed. 2d 507 (1985). The doctrine of quasi-judicial immunity extends immunity to persons executing valid court orders from civil actions for damages challenging conduct authorized by the order. *See Coverdell v. The Department of*

*Social and Health Services, State of Washington,* 834 F.2d 758, 764–765 (9th Cir. 1987); *see also Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 772–73 (3d Cir. 2000).

Here, "accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the [P]laintiff, but disregarding unsupported conclusions, unwarranted inferences, and legal conclusions couched as factual allegations" the facts alleged in this case describe the execution of a facially valid state court order and conduct within the scope of that order, thus entitling the Sheriff to quasi-judicial immunity. *Garrett v. PennyMac Loan Servs.*, No. 3:18-CV-00718, 2019 WL 4732048, at *8 (M.D. Pa. Aug. 29, 2019), *report and recommendation adopted as modified*, No. 3:18-CV-0718, 2019 WL 4688376 (M.D. Pa. Sept. 26, 2019) (extending quasi-judicial immunity to Sheriff of Monroe County in context of a sheriff's sale).

The Sheriff also argues that the mandate to enforce the writ of possession is so clear that the act of execution is a ministerial act not subject to the automatic stay. This argument is also not founded in Eleventh Amendment sovereign immunity. Rather, it "stems from the common-sense principle that a judicial 'proceeding' within the meaning of section 362(a) ends once a decision on the merits has been rendered. Ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute continuations of such a proceeding." *In re Pettit*, 217 F.3d 1072, 1080 (9th Cir. 2000).

Taking the allegations in the complaint as true and viewing them in the light most favorable to the Plaintiff and disregarding legal conclusions couched as factual allegations, the facts alleged in this case describe the execution of an order of the Court of Common Pleas as mandated by law. Upon issuance of the writ the prothonotary *shall* transmit it directly to the sheriff to whom it is directed or deliver it to the plaintiff for transmittal. Pa. R.C.P. No. 3103.

6

The sheriff *shall* note on the writ the date and time when it is received. Pa. R.C.P. No. 3105. The Sheriff "either personally or by deputy, *shall* serve process and execute orders directed to him pursuant to law." 42 Pa. Stat. and Cons. Stat. Ann. § 2921. Here, the actions taken by the Sheriff were ministerial because the law not only allowed the act of executing the writ, but demanded it. *In re Williams*, 371 B.R. 102, 111 (Bankr. E.D. Pa. 2007) (citing *United States ex rel. McLennan v. Wilbur,* 283 U.S. 414, 420, 51 S.Ct. 502, 504, 75 L.Ed. 1148 (1931)). The Sheriff's post-petition efforts to enforce the writ were not in violation of the automatic stay.

### III. EMOTIONAL DISTRESS AND PUNITIVE DAMAGES MAY NOT BE AWARDED IN THIS CASE

Plaintiff makes an overly simplified argument that because emotional distress and punitive damages may be awarded for violations of the automatic stay, emotional distress and punitive damages must be awarded against the Sheriff. Congress provided for a limited waiver of sovereign immunity as to governmental units. 11 U.S.C. § 106(a). While the Bankruptcy Code allows a court to enter a judgment against a governmental unit and award a "money recovery," the Bankruptcy Code does not abrogate a governmental unit's sovereign immunity as to emotional distress damages. *In re Rivera,* 432 F.3d 20 (1st Cir. 2005). Thus, absent a waiver of immunity under 106(a), the Plaintiff's claim must proceed through the analysis of the governmental immunity enjoyed by the Sheriff. As set forth more fully in the Memorandum of Law in Support of Summary Judgement, the Sheriff of the City of Philadelphia is protected with immunity from liability granted under Pennsylvania's Political Subdivision Tort Claims Act (the "Tort Claims Act"), 42 Pa. C.S.A. §§ 8541–64.

With respect to punitive damages, the plain language of 11 U.S.C. § 106(a)(3) provides that a court may not issue punitive damages against a governmental unit. The Plaintiff does not dispute that the allegations in the Complaint are against the Sheriff acting in his official capacity,

and, as such, this suit against the Sheriff is a suit against the Sheriff's Office, which is clearly a "governmental unit" as defined by 11 U.S.C. § 101(27). The Plaintiff's only support for an award of punitive damages against the Sheriff is the *NCVAMD, Inc.* case.[3] A case that no other court has agreed with. In fact, this Court has expressly disagreed with the *NCVAMD, Inc.* court in favor of the plain language of the Bankruptcy Code. *In re Odom*, 571 B.R. at 698. There is no support for an award of punitive damages in this case.

WHEREFORE, the City of Philadelphia respectfully requests that the Court grant summary judgment in the Sheriff's favor, dismiss the Complaint with prejudice and grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: February 14, 2020       By:      */s/ Megan N. Harper*
MEGAN N. HARPER
Deputy City Solicitor
PA Attorney I.D. 81669
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov

---

[3] *In re NCVAMD, Inc.,* No. 10-03098-8-SWH, 2013 WL 6860816, at *1 (Bankr. E.D.N.C. Dec. 31, 2013).