**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:   LYNDEL TOPPIN,     *Debtor.* | Chapter 13 |
| | Case No. 18-13098-MDC |

| | |
|---|---|
| LYNDEL TOPPIN,     *Movant*v.JEWELL WILLIAMS, SHERIFF OF THE CITY OF PHILADELPHIA and ABDELDAYEM HASSAN a/k/a ABDELDYEM HASSAN,     *Respondents* | Adv. Proc. No. 18-00137-MDC |

**DESIGNATION OF RECORD ON APPEAL AND**
**STATEMENT OF ISSUES TO BE PRESENTED PURSUANT TO FRBP 8009(a)**

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a), Appellant, Lyndel Toppin hereby submits this designation of the record on appeal and statement of issues to be presented in connection with the appeal from the Order of the Bankruptcy Court granting Sheriff's Office Motion for Summary Judgment with respect to the Debtor's request for damages for emotional distress and granting Sheriff's Offices Motion for Directed Verdict (Adv. Docket No. 164), as follows:

**DESIGNATION OF RECORD ON APPEAL**

| **Description of Document** | **Filing Date** | **Document No.** |
|---|---|---|
| Voluntary Petition, Schedules and Statements | 5/8/18 | Bk # 1 |
| BNC Certificate of Mailing - Voluntary Petition | 5/12/18 | Bk # 6 |
| Complaint | 6/11/18 | Bk # 14 |
| Motion to Approve Debtors Motion for Appointment of Next Friend | 7/2/18 | Bk # 15 |
| Order entered Granting Motion to Approve Next Friend. Barrington Whyte shall serve as Next Friend to permit him to testify on behalf of debtor, Lyndel Toppin. | 7/10/18 | Bk # 22 |
| Order entered Granting Application to Employ PREDRAG FILIPOVIC, Esq. as Special Counsel. | 7/26/2019 | Bk # 88 |

| **Description of Document** | **Filing Date** | **Document No.** |
|---|---|---|
| Transcript regarding Hearing Held on 8/21/2020 EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS MOTION TO DISMISS ALL CLAIMS FOR RELIEF AGAINSTDEFENDANT ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN FILED BY LYNDEL TOPPIN REPRESENTED BY STEPHEN MATTHEW DUNNE. Transcribed by Writer's Cramp,Inc. 268 pages. The transcript may be viewed at the Bankruptcy Court Clerk's Office. | 9/24/2020 | BK # 125 |
| Complaint | 6/11/2018 | Adv Pro # 1 |
| Amended Complaint | 6/15/18 | Adv Pro # 3 |
| Answer | 7/19/18 | Adv Pro # 7 |
| Supplemental Authority | 9/26/2018 | Adv Pro # 22 |
| Second Amended Complaint | 10/24/18 | Adv Pro # 29 |
| Exhibit *A thru K* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 10/24/2018 | Adv Pro # 30 |
| Answer to Second Amended Complaint Filed by Jewell Williams. | 11/21/2018 | Adv Pro # 37 |
| Pre-Trial Order. Pre-Trial Conference scheduled 7/17/2019 at 11:00 AM at nix2 - Courtroom #2. | 1/3/2019 | Adv Pro # 42 |
| Pre-Trial Scheduling Order. Pre-Trial Hearing scheduled 9/18/2019 at 11:00 AM at nix2 - Courtroom #2 | 2/14/2019 | Adv Pro # 46 |
| Pre-Trial Scheduling Order. Pre-Trial Conference scheduled 3/25/2020 at 11:00 AM at nix2 - Courtroom #2 | 7/18/2019 | Adv Pro # 56 |
| Motion For Summary Judgment Filed by Sheriff, Jewell Williams | 12/26/19 | Adv Pro # 71 |
| Memorandum in Support of Motion For Summary Judgment Filed by Sheriff, Jewell Williams | 12/26/19 | Adv Pro # 72 |
| Document in re: *Pretrial Disclosures* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 1/17/2020 | Adv Pro # 88 |
| Response to Motion for Summary Judgment filed by Defendant Jewell Williams Filed by Lyndel Toppin | 2/5/2020 | Adv Pro # 105 |
| Brief *Reply Brief in Support of Summary Judgment* Filed by MEGAN N. HARPER on behalf of Jewell Williams | 2/14/2020 | Adv Pro # 112 |

| **Description of Document** | **Filing Date** | **Document No.** |
|---|---|---|
| Affidavit Re: Sheriffs Efforts to Produce Employee Responsive to the Courts Order Filed by JOSHUA DOMER on behalf of Jewell Williams | 3/12/2020 | Adv Pro # 122 |
| Supplemental Memorandum in Support of *Motion for Summary Judgment* Filed by MEGAN N. HARPER on behalf of Jewell Williams | 4/6/2020 | Adv Pro # 126 |
| Supplemental Memorandum in Opposition to *Motion for Summary Judgment* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 4/6/2020 | Adv Pro # 127 |
| Order Governing Procedures At Trial Conducted Remotely By Videoconference on July 17,2020 2 10:30 A.M. | 6/30/2018 | Adv Pro # 128 |
| Trial (related document(s)[1])re-scheduled for 8/21/2020 at 10:30 AM at nix2 - Courtroom #2. | 7/14/2020 | Adv Pro # 137 |
| Order Governing Procedures at Trial Conducted Remotely by Video Conference . | 7/29/2020 | Adv Pro # 140 |
| Document in re: *Remote Hearing Witness and Exhibit List* Filed by MEGAN N. HARPER on behalf of Jewell Williams | 8/17/2020 | Adv Pro # 147 |
| Document in re: *Plaintiff's Remote Witness List* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 8/17/2020 | Adv Pro # 148 |
| Evidentiary Trial Held and Concluded | 8/24/2020 | Adv Pro # 153 |
| Transcript regarding Hearing Held on 8/21/2020 EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS MOTION TO DISMISS ALL CLAIMS FOR RELIEF AGAINSTDEFENDANT ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN FILED BY LYNDEL TOPPIN REPRESENTED BY STEPHEN MATTHEW DUNNE. Transcribed by Writer's cramp, Inc 268 pages. The transcript may be viewed at the Bankruptcy Court Clerk's Office. | 9/24/2020 | Adv Pro # 155 |
| Motion *for Directed Verdict* Filed by Sheriff of the City of Philadelphia Represented by MEGAN N. HARPER | 10/8/2020 | Adv Pro # 157 |
| Memorandum in Support of *Motion for Directed Verdict* Filed by MEGAN N. HARPER on behalf of Sheriff of the City of Philadelphia | 10/8/2020 | Adv Pro # 158 |

| Description of Document | Filing Date | Document No. |
|---|---|---|
| Memorandum in Support of *Motion for Directed Verdict* Filed by MEGAN N. HARPER on behalf of Sheriff of the City of Philadelphia | 10/8/2020 | Adv Pro # 158 |
| Response to Generic Motion filed by Defendant Sheriff of the City of Philadelphia Filed by Lyndel Toppin | 10/29/2020 | Adv Pro # 161 |
| Supplemental Statement *Notice of Supplemental Authority* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 11/6/2020 | Adv Pro # 162 |
| Hearing Held on Motion for Directed Verdict Filed by Sheriff of the City of Philadelphia Represented by MEGAN N. HARPER - HELD UNDER ADVISEMENT | 11/10/2020 | Adv Pro # 163 |
| Order entered Granting in part, Denying in part Summary Judgment Motion (Related Doc # [157]) . It is GRANTED with respect to the Debtor's request for damages for emotional distress and DENIED on all other grounds asserted. 3. The Directed Verdict Motion is GRANTED. 3. The Debtor's requested relief for sanctions against the Sheriff's Office pursuant to Section 362 (k) of the Bankruptcy Code is DENIED. | 11/9/2021 | Adv Pro # 164 |
| Memorandum Order. An Order consistent with this Memorandum will be entered. | 11/9/2021 | Adv Pro # 165 |
| Deposition of Barrington Whyte | 12/12/2019 | See Attached. |
| Sheriff's Responses to Requests for Admission | | See Attached. |
| Revised Trial Stipulations | | See Attached. |
| Plaintiff's Remote Witness List | | See Attached. |
| Plaintiff's Exhibit List: P1 to P60 | | See Attached. |
| Plaintiff's Bates Stamped Trial Exhibit Binder with Exhibits labeled P1 through P60 | | See Attached. |
| Defendant's Exhibits: D1 to D30 | | See Attached. |

**STATEMENT OF ISSUES PRESENTED**

1. Whether the bankruptcy court erred in finding that evidence at trial failed to establish any actual damages suffered by Plaintiff as a result of Defendants' violation of the automatic stay provided by 11 U.S.C. § 362(a)?

2. Whether the bankruptcy court erred in holding that a deaf and mute Plaintiff failed to prove emotional distress damages he suffered as a result of Defendants' violations of the automatic stay provided by 11 U.S.C. § 362(a) when Plaintiff is unable to testify on his own behalf due to his disability, and evidence by caretaker/nephew testifying at length to personal observations of Plaintiff indicated that a reasonable person would suffer significant emotional harm?

3. Whether the bankruptcy court erred in finding that the evidence of actual damage Plaintiff suffered as a result of Defendant's conduct, produced by Plaintiff in opposition to Defendant's Motion for Summary Judgment, failed to raise a genuine triable issue of fact pursuant to 11 U.S.C. § 362(k)(1)?

4. Whether the bankruptcy court was estopped from finding that there is no triable issue of fact on the issue of actual damages, and granting partial summary judgment in favor of Defendant on that issue, by virtue of its decision to conduct a trial on all issues?

5. Whether the bankruptcy court erred in failing to design court procedures in a manner that excluded Plaintiff, Lyndel Toppin from court's view when he was present during the entire testimony of his next of friend, Barryington Whyte, thereby depriving Plaintiff, Lyndel Toppin from emoting a non-verbal response that impacts Plaintiff's credibility as a witness?

Dated:  December 2, 2021

By: /s/ *Predrag Filipovic*  
**Predrag Filipovic, Esquire**  
1635 Market Street, Suite 1600  
Philadelphia, PA 19103  
267-265-0520 Phone  
Attorney for Plaintiff

BY: /s/ *Stephen M. Dunne*  
**Stephen M. Dunne, Esquire**  
1515 Market Street, Suite 1200  
Philadelphia, PA 19102  
(215) 551-7109 Phone  
Attorney for Plaintiff