**CITY OF PHILADELPHIA
LAW DEPARTMENT
TAX & REVENUE UNIT**

Megan N. Harper
Deputy City Solicitor
Direct Dial: (215) 686-0503
Electronic mail: Megan.Harper@phila.gov

August 23, 2019

**VIA E-MAIL AND FIRST-CLASS MAIL**

Stephen M. Dunne, Esq.
1515 Market Street, Suite 1200
Philadelphia, PA 19102

Co-Counsel: Predrag Filipovic, Esq.
1735 Market Street, Suite 3750
Philadelphia, PA 19103

Re:    Toppin v. Williams, et al., Adv. Pro. No. 18-00137 (MDC)

Dear Mr. Dunne and Mr. Filipovic:

Please find enclosed the Sheriff's Responses to Plaintiff's First Set of Interrogatories,

Request for Production of Documents, and Requests for Admission.

Very truly yours,

Megan N. Harper, Esq.
Deputy City Solicitor

cc:    David Offen, Esq., with enclosures (via email)

Municipal Services Building | 1401 JFK Blvd., Rm 580 |Philadelphia, PA 19102

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------x

In re:                                          :
                                                :        In Chapter 13
LYNDEL TOPPIN,                                   :
                                                :        Bankruptcy No. 18-13098 (MDC)
          Debtor.                               :
-------------------------------------------------------x
-------------------------------------------------------x
                                                :
LYNDEL TOPPIN,                                   :
                                                :
          Plaintiff,                            :        Adv. Pro. No. 18-00137 (MDC)
                                                :
          v.                                    :
                                                :
JEWELL WILLIAMS, SHERIFF                         :
OF THE CITY OF PHILADELPHIA and                 :
ABDELDAYEM HASSAN a/k/a                          :
ABDELDYEM HASSAN,                                :
                                                :
          Defendants.                           :
-------------------------------------------------------x

### RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, FIRST SET OF INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE SHERIFF OF THE CITY OF PHILADELPHIA

        Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure made applicable hereto pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, 7034 and 7036, the Defendant Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through its undersigned counsel, hereby responds to the Requests for Admission, First Set of Interrogatories and Requests for Production of Documents Directed to the Sheriff of the City of Philadelphia by plaintiff, Lyndel Toppin (the "Plaintiff"), as follows:

### GENERAL OBJECTIONS

        The Sheriff asserts these General Objections to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production and incorporates them by reference into each.

        1.      The Sheriff objects to the instructions to the extent they impose, or attempt to impose, any obligations upon the Sheriff that are inconsistent with and/or exceed the requirements of the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the applicable rules governing practice in the United States Bankruptcy Court for the Eastern District of Pennsylvania, or applicable case law.

2.      The Sheriff objects to each request that seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges or immunities, including but not limited to, executive privilege and deliberative process privilege. The Sheriff reserves the right to assert a privilege with respect to any such information, and further asserts the right to request the return of all privileged information that may be inadvertently disclosed.

3.      The Sheriff preserves all evidentiary objections and, accordingly, no waiver by the Sheriff of any objection is to be implied from these responses, or the information disclosed. To the extent that any response might arguably waive an otherwise assertible objection or claim of privilege, immunity, or confidentiality, such waiver shall be limited only to the specific subject matter of the response and shall not extend to any other matter, or any further discovery request. Specifically, by responding to these or other discovery requests, the Sheriff is not admitting that the subject matter of the response is relevant to the pending action or not protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities.

4.      The Sheriff objects to each request to the extent it calls for information that is either irrelevant to the subject matter involved in the pending action, or not reasonably calculated to lead to the discovery of admissible evidence.

5.      The Sheriff objects to each request on the basis that it is overly broad, unduly burdensome, intentionally harassing, and oppressive.

6.      The Sheriff's responses are based only upon information and documents reasonably available and known to the Sheriff and their counsel after a reasonably diligent investigation and search of its records and files. The Sheriff reserves the right to supplement or modify any and all of its objections and responses if additional information is obtained or otherwise becomes available.

7.      A statement that the Sheriff will produce documents in response to any request herein does not mean that such documents exist, but only that, to the extent such documents do exist and are not subject to any General Objection, the Sheriff will produce non-privileged, responsive documents that are identifiable after a reasonable search.

8.      The Sheriff objects to the requests to the extent that they seek documents and information outside of the Sheriff's possession, custody, or control. The Sheriff objects to searching for, or producing, documents within the control or possession of any third-party.

Without waiving the foregoing General Objections, the Sheriff responds to Plaintiff's Requests for Admission, First Set of Interrogatories and Requests for Production of Documents as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

1.      Admit that Your [sic] responsible for managing all tax sales within Philadelphia County in an in an ethical, honest, transparent and respectful manner while offering dignity to all involved in the procedure.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objection and the General Objections, the Sheriff responds as follows: Admitted.

2.      Admit that Your [sic] committed to serve and protect the lives, property and rights of all people within a framework of high ethical standards and professional conduct at all times.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waving the foregoing objection and the General Objections, the Sheriff responds as follows: Admitted.

3.      Admit that an owner of a property in Philadelphia has a 9 month right of redemption under the Philadelphia Tax Act (53 P.S. § 7293) in connection with a property sold at tax sale?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as an improper request for an admission as to a legal conclusion regarding an ultimate issue in this case. The Sheriff further specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waving the foregoing objections and the General Objections, the Sheriff responds as follows: Denied as an improper request.

4.      Admit that the purchaser at a sheriff's tax sale does not obtain title to the property until the passage of the redemption period?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as an improper request for an admission as to a legal conclusion regarding an ultimate issue in this case. The Sheriff further specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: Denied as an improper request.

5.      Admit that the owner of a property sold at tax sale retains the right of possession during the statutory period?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as an improper request for an admission as to a legal conclusion regarding an ultimate issue in this case. The Sheriff further specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: Denied as an improper request.

6.      Admit that a purchaser of a sheriff's tax sale has no claim to possession or right to ejectment against an owner during the redemption period?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as an improper request for an admission as to a legal conclusion regarding an ultimate issue in this case. The Sheriff further specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: Denied as an improper request.

7.      Admit that executing on a Writ of Possession during the statutory period would be a violation of your commitment to protect the property rights of Philadelphians?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as an improper request for an admission as to a legal conclusion regarding an ultimate issue in this case. The Sheriff further specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: Denied as an improper request.

8.      Admit that executing on a Writ of Possession during the statutory period would be a dereliction of your responsibility to manage tax sales within Philadelphia County in an in an ethical, honest, transparent and respectful manner.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as an improper request for an admission as to a legal conclusion regarding an ultimate issue in this case. The Sheriff further specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: Denied as an improper request.

9.      Admit that You acknowledged the deed in Abdeldayem Hassan's name on November 9, 2017?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Admitted.

10.    Admit that You recorded the deed in Abdeldayem Hassan's name on November 21, 2017?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. It is admitted only that the deed in Abdeldayem Hassan's name was recorded on November 21, 2017.

11.    Admit that evicting an owner of a property 2 months into the 9 month statutory redemption period is illegal?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as an improper request for an admission as to a legal conclusion regarding an ultimate issue in this case. The Sheriff further specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: Denied as an improper request.

12.    Admit that the owner's redemption period and right to possession expired on August 10, 2018?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as an improper request for an admission as to a legal conclusion regarding an ultimate issue in this case. The Sheriff further specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: Denied as an improper request.

13.    Admit that the contact details for the purchaser in the Sheriff's computer system states as follows:

  a.    Abdeldayem Hassan
  b.    309 Barker Avenue, Lansdowne, PA 19050
  c.    484-557-1737

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. It is admitted only that there is a computerized record from the Sheriff's Office that reflects the foregoing address as part of the contact details for Abdeldayem Hassan. It is specifically denied that the record includes the phone number stated above.

14.    Admit to [sic] You telephoned Hassan at this phone number: 484-557-1737?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as vague and ambiguous, overly broad and unduly burdensome. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: Unknown. After reasonable inquiry of the available information, the Sheriff is unable to admit or deny this request. The Sheriff specifically reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure made applicable hereto pursuant to the Federal Rules of Bankruptcy Procedure.

15.    Admit that You received notice of the Lyndel Toppin bankruptcy on May 8, 2018?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Admitted that the Sheriff's Real Estate Unit received notice of Lyndel Toppin's bankruptcy on or about May 8, 2018.

16.    Admit that You received notice of the Lyndel Toppin bankruptcy from the Bankruptcy Noticing Center at the following mailing address: Philadelphia Sheriff's Office, 100 S. Broad Street, 5th Floor, Philadelphia, PA 19110?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. It is admitted only, upon information and belief, that on May 31, 2018, the Bankruptcy Noticing Center mailed a Meeting of Creditor Notice for Lyndel Toppin's bankruptcy to the address set forth in the request. After reasonable inquiry, the Sheriff is without sufficient information to admit or deny the remainder of the request.

17.    Admit that Your [sic] or your Attorney at the Philadelphia Law Department received notice of the Lyndel Toppin bankruptcy from the Bankruptcy Noticing Center at bankruptcy@phila.gov on May 30, 2018 at 2.06 AM.

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Admitted in part, denied in part. It is admitted only, upon information and belief, that the City of Philadelphia Law Department received notice from the Bankruptcy Noticing Center at bankruptcy@phila.gov on the date and at the time set forth in the Request.

18.    Admit that You received a fax at 215-686-3555 from Stephen Dunne on May 8, 2018 containing a Notice of Bankruptcy Case Filing on behalf of Lyndel Toppin?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. It is admitted only that on May 8, 2018 a fax was transmitted to a fax number for the Civil Enforcement Unit of the Sheriff's Office, which had a subject line "Notice of Bankruptcy Case Filing – Book/Writ1707-502." After

reasonable inquiry, the Sheriff is without sufficient information to admit or deny the remainder of the request.

19.    Admit that You received a fax at 215-686-3971 from Stephen Dunne on May 8, 2018 containing a Notice of Bankruptcy Case Filing on behalf of Lyndel Toppin?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Admitted.

20.    Admit that You received a telephone call at the following telephone number (215 686 3565) from Stephen Dunne (215-551-7109) notifying You of the Lyndel Toppin bankruptcy on May 7, May 9, May 10, May 15, and June 7 2018?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Unknown. After reasonable inquiry of the available information, the Sheriff is unable to admit or deny this Request. The Sheriff's Office does not maintain a log of incoming calls and there are no records documenting that a call was received from either Stephen Dunne or 215-551-7109.

21.    Admit that You received a telephone call from Stephen Dunne at 215-551-7109 on May 9, 2018?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Unknown. After reasonable inquiry of the available information, the Sheriff is unable to admit or deny this Request. The Sheriff's Office does not maintain a log of incoming calls and there are no records documenting that a call was received from either Stephen Dunne or 215-551-7109.

22.    Admit that You received a fax at 215-686-3555 from Stephen Dunne on May 10, 2018 containing a Notice of Bankruptcy Case Filing on behalf of Lyndel Toppin?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. It is admitted only that on May 10, 2018 a fax was transmitted to fax number 215-686-3555, which had a subject line "Notice of Bankruptcy." After reasonable inquiry, the Sheriff is without sufficient information to admit or deny the remainder of the request.

23.    Admit that You received a fax at 215-686-3971 from Stephen Dunne on May 15, 2018 containing a Notice of Bankruptcy Case Filing on behalf of Lyndel Toppin?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Unknown. After reasonable inquiry, the Sheriff is without sufficient information to admit or deny this Request.

24.    Admit that You received a fax at 215-686-3555 from Stephen Dunne on June 7, 2018 containing a Notice of Bankruptcy Case Filing on behalf of Lyndel Toppin?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Admitted.

25.    Admit that You served a Notice to Vacate on Lyndel Toppin at 146 S. 62nd Street, Philadelphia, PA 19139 on May 18, 2018?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. Based upon available information, it is admitted only that the Sheriff posted a Notice to Vacate at the property located at 146 S. 62nd Street, Philadelphia, PA 19139 on or about May 10, 2018.

26.    Admit that You served a Notice to Vacate on Lyndel Toppin at 146 S. 62nd Street, Philadelphia, PA 19139 on May 24, 2018?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. Based upon available information, it is admitted only that the Sheriff posted a Notice to Vacate at the property located at 146 S. 62nd Street, Philadelphia, PA 19139 on or about May 10, 2018.

27.    Admit that You served a Notice to Vacate on Lyndel Toppin at 146 S. 62nd Street, Philadelphia, PA 19139 on May 30, 2018?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. Based upon available information, it is admitted only that the Sheriff posted a Notice to Vacate at the property located at 146 S. 62nd Street, Philadelphia, PA 19139 on or about May 10, 2018.

28.    Admit that You served an Eviction Notice on Lyndel Toppin at 146 S. 62nd Street, Philadelphia, PA 19139 on June 1, 2018?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. Based upon available information, it is admitted only that the Sheriff posted an Eviction Notice at the property located at 146 S. 62nd Street, Philadelphia, PA 19139 on or about June 1, 2018.

29.    Admit that You served an Eviction Notice on Lyndel Toppin at 146 S. 62nd Street, Philadelphia, PA 19139 on June 5, 2018?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. Based upon available information, it is admitted only that the Sheriff posted an Eviction Notice at the property located at 146 S. 62nd Street, Philadelphia, PA 19139 on or about June 1, 2018.

30.     Admit that You served an Eviction Notice on Lyndel Toppin at 146 S. 62nd Street, Philadelphia, PA 19139 on June 7, 2018?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: Denied as stated. Based upon available information, it is admitted only that the Sheriff posted an Eviction Notice at the property located at 146 S. 62nd Street, Philadelphia, PA 19139 on or about June 1, 2018.

31.     Admit that serving a Writ of Possession in an active bankruptcy case is a violation of the automatic stay?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as an improper request for an admission as to a legal conclusion regarding an ultimate issue in this case. The Sheriff further specifically objects to this request as irrelevant, outside the scope of matters allowed under Rule 36 of the Federal Rules of Civil Procedure and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: Denied as an improper request.

## RESPONSES TO INTERROGATORIES

1.     State the name, address, title and job description of each officer, director and employee (whether present or former) of defendant Sheriff who had any contact with plaintiff or his bankruptcy attorney regarding the Writ of Possession during the time period May 8, 2017 through to the present.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Sheriff further objects to this request as vague and ambiguous with respect to the use of the term "contact." Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows:

> Inspector Monte Guess
> Deputy Jetaria Taylor
> Philadelphia Sheriff's Office
> Civil Enforcement/ Investigations Units
> 215-686-3532

2.     State the name, address, title and job description of each officer, director and employee (whether present or former) of defendant Sheriff with supervisory responsibility over the plaintiff's property during the time period May 8, 2017 through to the present.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as vague and ambiguous. Subject to, and without waiving the foregoing objection and the General Objections, the Sheriff responds as follows: No one at the Sheriff's Office has "supervisory responsibility" over 146 S. 62nd Street, Philadelphia, PA 19139.

3.     In connection with the plaintiff's bankruptcy, did you contract with any vendor management groups or third-party providers, including but not limited to BANCO; ELECTRONIC BANKRUPTCY NOTICING, to provide notice of bankruptcy cases to the Sheriff? If yes, state:

    (a)    The name and address of each vendor or other service provider who has rendered service to/for you in connection with obtaining notice of bankruptcy cases.

    (b)    The dates such service was rendered;

    (c)    The general nature of the service rendered;

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: The Sheriff does not contract with any vendors or third-party providers to provide notice of bankruptcy cases to the Sheriff.

4.     In connection with the plaintiffs bankruptcy, identify each Sheriff employee who was involved in reviewing, servicing, administering, managing, or executing on the Writ of Possession, Notice to Vacate, or the Notice to Evict and, in the form of a chronology, identify and

describe in detail and with particularity, the process, events, and circumstances under which the Sheriff handled each.

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows:

- Deputy Sheriff Jetaria Taylor posted the Notice to Vacate at 146 S. 62nd Street, Philadelphia, PA 19139, on May 10, 2018.

- On or about June 01, 2018, Deputy Taylor posted an Eviction Notice on the property.

- At all relevant times hereto, Inspector Monte' Guess oversaw the Sheriff's Civil Enforcement Unit.

- On or about June 07, 2018, Inspector Guess received the fax mailed to 215-686-3555 with the subject line "Notice of Bankruptcy Case Filing – 146 S. 62nd Street, Phila, PA 19145."

- Inspector Guess noted "6/7/18, Bankruptcy filed, Inspector Guess" on the face of the Writ of Possession and noted "Bankruptcy filed" in the possession log book next to 146 S. 62nd Street, Phila, PA 19145.

- On June 25, 2018, Inspector Guess entered a Service Event Report in JEWELL noting the receipt of the bankruptcy notice and the actions he took to stay the eviction process.

5.    Have you, or has anyone on your behalf, received any report from any employee, vendor, contractor, sub-contractor, agent, representative or other service provider concerning the plaintiff's bankruptcy? If so, state:

(a)    The date of each;
(b)    The name and address of the person from whom each was received and of the person who has custody of each;
(c)    Whether each such report was written or oral.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as vague and ambiguous. Subject to, and without waiving the foregoing objection and the General Objections, the Sheriff responds as follows: No.

6.    Identify and describe each document known to the Sheriff, which is related to or contains information about the allegations in the Complaint?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: In addition to those documents produced by Plaintiff:

- See the Service Event Report, dated 05/10/2018, attached to the Sheriff's responses to document requests;

- See the Service Event Report, dated 06/25/2018, attached to the Sheriff's responses to document requests;
- See the Writ of Possession attached to the Sheriff's responses to discovery requests;
- See the page from the possession log book attached to the Sheriff's responses to discovery;
- See the fax from Stephen Dunne to 215-686-3971 dated 5/8/2018, attached to the Sheriff's responses to document requests; and
- See the fax from Stephen Dunne to 215-686-3555 dated 6/7/2018attached to the Sheriff's responses to document requests.

7.    Identify all software applications that you use in connection with acknowledging, processing, identifying or flagging bankruptcy cases?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: The Sheriff uses the "JEWELL" system for recording notes including notes regarding notice of bankruptcy.

8.    Identify and describe any and all documents that describe, record, or establish your methods and techniques used to comply with the U.S. Bankruptcy Code and avoid Stay Violation?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: There are no documents that meet the description in this interrogatory.

9.    Identify and describe with particularity all training received by you and any other person involved in the plaintiff's bankruptcy case, including but not limited to:

(a)    The training content, timing, and duration
(b)    All documents and audio or visual materials used in such training and
(c)    Each person involved in providing such training.

**RESPONSE:** Objection. The Sheriff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Identify all communications between the Sheriff and Lyndel Toppin?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows:

- Notice to Vacate, posted at the property on May 10, 2018.
- Eviction Notice, posted at the property on or about June 01, 2018.

11.    State the name, address, title and job description of each officer, director and employee (whether present or former) of defendant Sheriff who was working at the dates/times alleged in the Complaint whereby the plaintiff alleged that telephone calls and facsimiles were transmitted to the Sheriff?

**RESPONSE:** Objection. The Sheriff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

12.  Identify all persons who have personal knowledge of facts and matters set forth in the Complaint and describe the facts known or observed by that person.

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows:

- Inspector Monte' Guess
  - o  Land Title Building, 100 S. Broad Street, 5th Floor, Philadelphia, PA 19110, 215-686-3532.
  - o  Inspector in Civil Enforcement Unit
  - o  Job duties include supervising the Civil Enforcement Unit, tasked with, *inter alia*, executing writs, serving complaints, levying property, and carrying out evictions.
  - o  Has personal knowledge of receiving the bankruptcy notice on or about June 07, 2018 and noting the JEWELL system.
- Deputy Sheriff Jetaria Taylor
  - o  Land Title Building, 100 S. Broad Street, 5th Floor, Philadelphia, PA 19110, 215-686-3542.
  - o  Deputy Sheriff in Civil Enforcement Unit
  - o  Job duties include executing Writs of Possession.
  - o  Has personal knowledge regarding posting the Notice to Vacate and the Eviction Notice.

13.  Identify all fact witnesses you intend to call at trial and as to each such witness, state the facts to which that person is expected to testify.

**RESPONSE:** Objection. The Sheriff objects to this request as it seeks information subject to the attorney work product privilege. Subject to, and without waiving the foregoing objection and the General Objections, the Sheriff responds as follows: The Sheriff has not determined which witnesses it may call at trial. As of the date of these responses, the Sheriff may call Inspector Monte' Guess and Deputy Sheriff Jetaria Taylor, further identified in the Sheriff's response to Question 12.

14.  With respect to each person whom you intend to call as an expert witness in connection with this matter:

(a)  Identify the person;
(b)  Attach a copy of the person's resume or curriculum vitae;
(c)  Identify the subject matter on which the person is expected to testify;
(d)  Identify the facts and opinions the person is expected to offer at any evidentiary hearing or trial;

(e)    Identify each document and communication directed to the person regarding the subject matter of this action;

(f)    Identify any document or demonstrative evidence the person is expected to use, refer to or rely upon at any evidentiary hearing or trial; and

(g)    Attach a copy of that person's written report.

**RESPONSE:** Objection. The Sheriff objects to this request as it seeks information subject to the attorney work product privilege. Subject to, and without waiving the foregoing objection and the General Objections, the Sheriff responds as follows: As of the date of these responses, the Sheriff does has not identified any expert witnesses it will call at trial. The Sheriff specifically reserves the right to amend this response in accordance with the Federal Rules of Civil Procedure made applicable hereto pursuant to the Federal Rules of Civil Procedure.

15.    Did you answer these questions with the assistance of anyone other than your attorney? If the answer is yes, please state who helped you, if anyone, to provide these answers.

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: No.

16.    Did the Sheriff explain the owner's Right of Redemption to Mr. Hassan after the Tax Delinquent Sale in connection with 146 S. 62nd Street, Philadelphia, 19139?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: No. By way of further response, the Real Estate Tax Division of the Tax & Revenue Unit of the City of Philadelphia Law Department informs purchasers of the taxpayer's right of redemption at tax sales conducted by the Sheriff. By way of further response, the Sheriff's Office provides material information and advice to the public on the Sheriff's website: https://www.officeofphiladelphiasheriff.com/en/real-estate/how-sheriffs-sales-work, including slideshows and videos, explaining the sheriff sale process and specifically advising purchasers of the Right of Redemption after a Tax Delinquent Sale: https://www.officeofphiladelphiasheriff.com/en/real-estate/how-sheriffs-sales-work/overview-of-the-sheriff-sale-process.

17.    What does the Sheriff communicate to a Purchaser of a Tax Delinquent Sale to explain the owner's rights during the statutory redemption period?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: See the response to interrogatory 16.

18.    Did You record a deed in Mr. Hassan's name on November 21, 2017 in connection with the property located at 146 S. 62nd Street, Philadelphia, PA 19139?

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: No. Deeds are recorded by the City of Philadelphia Department of Records.

19.    What is Your policy to protect Philadelphia homeowners when a purchaser at Tax Sale attempts to evict an owner 6 days after the winning bid or in this case October 11, 2017? See Exhibit CC.

**RESPONSE:** Subject to, as limited by, and without waiver of the objections set forth in the General Objections, the Sheriff responds as follows: Objection. The Sheriff objects to the Interrogatory as it is overbroad, vague, ambiguous, and unduly burdensome.

20.    Is it Your policy is to rescind the transaction or revoke the Tax Sale when a purchaser appears shortly after the Tax Sale to evict the owner? See Exhibit CC.

**RESPONSE:** Subject to, as limited by, and without waiver of the objections set forth in the General Objections, the Sheriff responds as follows: Objection. The Sheriff objects to the Interrogatory as it is overbroad, vague, ambiguous, and unduly burdensome.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All documents upon which you based any answer to the foregoing interrogatories.

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows: See the documents attached hereto and/or enclosed herewith and see also the Sheriff of Philadelphia's website: https://www.officeofphiladelphiasheriff.com/en/real-estate/how-sheriffs-sales-work/overview-of-the-sheriff-sale-process.

2.    A glossary of any abbreviated, internally created, technical, or proprietary terms used in any document produced herein.

**RESPONSE:** Subject to, and without waiving the General Objections, the Sheriff responds as follows:

    a.    "DART" means Defendant Asset Recovery Team.
    b.    "JEWELL" when used in reference to a computer system is, upon information and belief, an acronym. The Sheriff specifically reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure made applicable hereto by the Federal Rules of Bankruptcy Procedure.

3.    A complete transaction history pertaining to plaintiff's property and bankruptcy case.

**RESPONSE:** Objection. The Sheriff specifically objects as it seeks information equally available to the Plaintiff. The Sheriff further objects as the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: See the documents attached hereto and/or enclosed herewith.

4.    All communications between the Sheriff and Lyndel Toppin.

**RESPONSE:** Subject to, as limited by, and without waiver of the objections set forth in the General Objections, the Sheriff responds as follows: Objection. The Sheriff objects to the Request as it is overbroad, vague, ambiguous, and unduly burdensome.

5.    Produce all documents provided you reviewed, referred to or relied on when preparing your answer or responses to the Plaintiffs First Set of Interrogatories.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as it seeks information equally available to the Plaintiff. The Sheriff further objects as the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the

General Objections, the Sheriff responds as follows. See the documents attached hereto and/or enclosed herewith and see also the Sheriff of Philadelphia's website: https://www.officeofphiladelphiasheriff.com/en/real-estate/how-sheriffs-sales-work/overview-of-the-sheriff-sale-process..

6.      Produce all documents provided to your attorney by the Sheriff.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as it seeks information equally available to the Plaintiff. The Sheriff further objects as the request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Sheriff further objects as the request seeks documents covered by the by the attorney-client privilege and the work product doctrine. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: See the documents attached hereto and/or enclosed herewith.

7.      Produce all communications between your attorney and the Sheriff.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Sheriff further objects as the request seeks documents covered by the by the attorney-client privilege and the work product doctrine.

8.      All telephone log sheets or other internal memoranda or notes concerning Plaintiffs' account.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as vague and ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Sheriff further objects as the request seeks documents covered by the by the attorney-client privilege and the work product doctrine. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: See the documents attached hereto and/or enclosed herewith.

9.      All operating manuals, memoranda, or other documents concerning internal procedures of Defendant with respect to bankruptcy cases?

**RESPONSE:** Objection. The Sheriff specifically objects to this request as vague and ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: None known to the Sheriff at this time. The Sheriff specifically reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure made applicable hereto by the Federal Rules of Bankruptcy Procedure.

10.      All other documents pertaining to Plaintiffs' account.

**RESPONSE:** Objection. The Sheriff specifically objects to this request as vague and ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible evidence. The Sheriff further objects as the request seeks documents covered by the by the attorney-client privilege and the work product doctrine. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: See the documents attached hereto and/or enclosed herewith.


11.    Produce all documents provided to Mr. Hassan by the Sheriff in connection with 146 S. 62nd Street, Philadelphia, 19139?

**RESPONSE:** Objection. The Sheriff objects to this account as vague and ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, the Sheriff responds as follows: None known to the Sheriff at this time. The Sheriff specifically reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure made applicable hereto by the Federal Rules of Bankruptcy Procedure.


                              THE CITY OF PHILADELPHIA


Dated: August 23, 2019            By:    /s/ Megan N. Harper
                                         MEGAN N. HARPER
                                         Deputy City Solicitor
                                         PA Attorney I.D. 81669
                                         Attorney for the City of Philadelphia
                                         Municipal Services Building
                                         1401 JFK Boulevard, 5th Floor
                                         Philadelphia, PA 19102-1595
                                         215-686-0503 (phone)
                                         Email: Megan.Harper@phila.gov

# SHERIFF'S OFFICE OF PHILADELPHIA COUNTY

**Jewell Williams**
*Sheriff*

**Monte Guess**
*Inspector*

**Kevin Lamb**
*Chief Deputy*

**Robert Jackson**
*Chief of Staff*

HASSAN
vs.
UNKOWN OCCUPANTS

Case Number
180103400
(231566)

## REQUEST DETAILS
### ( Writ of Possession - Common Pleas )

**Request Details:**

**Category:**  Writ of Possession - Common Pleas - Writ of Possession          **Status:**  Open

**Writ date:**  05/07/2018          **Expiration date:**  08/07/2018

**Notes:**

HASSAN
vs.
UNKOWN OCCUPANTS

**Case Number**
180103400
(231566)

## SERVICE EVENT REPORT
### ( Posted )

**Service Details:**

| | | | |
|---|---|---|---|
| **Category:** | Writ of Possession - Common Pleas - Possession | **Expires:** | 08/07/2018 |
| **Manner:** | < Not Specified > | **Warrant:** | |
| **Notes:** | MAIN DESK CLERK: LIONEL COOK | | |

**Service To:**

| | | | |
|---|---|---|---|
| **Name:** | UNKOWN OCCUPANTS | **Mobile:** | |
| **Primary Address:** | 146 S. 62ND ST PHILADELPHIA, PA 19139 | **Notes:** | |
| **Phone:** | | | |

**Service Event Details:**

| | | | |
|---|---|---|---|
| **Date:** | 05/10/2018 | **Category:** | Posted |

**Notes:** DEPUTY JETARIA TAYLOR, BEING DULY SWORN ACCORDING TO LAW, POSTED ONE TRUE AND ATTESTED COPY OF THE WITHIN WRIT OF POSSESSION UPON REAL ESTATE LOCATED AT 146 S. 62ND ST, PHILADELPHIA, PA 19139. 21 DAY NOTICE POSTED

POSSESSION DATE 6/25/18 @9AM

CANCELED PER DEFT FILED BANKRUPTCY

**Delivery Details:**

| | | | |
|---|---|---|---|
| **Time In:** | | **Time Out:** 9:45 AM | **Deputy 1:** Jetaria Taylor |
| **Mileage:** | 0 | | **Deputy 2:** |
| **Accepted:** | | | |
| **Notes:** | | | |

| | | | |
|---|---|---|---|
| **Entered By:** | Joshua Wigfall | **Print Date:** 02/21/2019 | **Print Time:** 10:16 AM |

| HASSAN<br>vs.<br>UNKOWN OCCUPANTS | **Case Number**<br>180103400<br>(231566) |
|---|---|

# SERVICE EVENT REPORT
## ( Other )

### Service Details:

| | | | |
|---|---|---|---|
| **Category:** | Writ of Possession - Common Pleas - Possession | **Expires:** | 08/07/2018 |
| **Manner:** | < Not Specified > | **Warrant:** | |
| **Notes:** | MAIN DESK CLERK: LIONEL COOK | | |

### Serve To:

| | | | |
|---|---|---|---|
| **Name:** | UNKOWN OCCUPANTS | **Mobile:** | |
| **Primary Address:** | 146 S. 62ND ST<br>PHILADELPHIA, PA 19139 | **Notes:** | |
| **Phone:** | | | |

### Service Event Details:

| | | | |
|---|---|---|---|
| **Date:** | 06/25/2018 | **Category:** | Other |
| **Notes:** | **letter from bankruptcy court sent to the office. Defendant claims eviction proceedings continued after notifying the sheriff's office that bankruptcy was filed. Inspector Guess received bankruptcy fax on June 6th 2018. Bankruptcy notice was logged in possession book and on Jewell system. No other eviction actions were taken by the civil enforcement unit as of that date.**<br>**Letter and supporting documents are being forwarded to undersheriff vignola.**<br><br>**Inspector Guess** | | |

### Delivery Details:

| | | | |
|---|---|---|---|
| **Time In:** | | **Time Out:** | |
| **Mileage:** | 0 | **Deputy 1:** | Monte Guess |
| **Accepted:** | | **Deputy 2:** | |
| **Notes:** | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Entered By:** | Monte Guess | **Print Date:** | 02/21/2019 | **Print Time:** | 10:15 AM |

PHILADELPHIA
SHERIFF'S OFFICE-MAIN DESK

2018 MAY -8  PM 3: 52

S # 23/566 Y

NOTICE Rec'd
ON 5-8-18

Court of Common Pleas

No. 18010340

_____ Term, 20 ___

HASSAN    vs. UNKNOWN OCCUPANTS

146 S. 62ND ST
PHILA.    PA. 19139

WRIT OF POSSESSION

HASAN

484-557-1737

300
25
$325. co

8/7/18
Bankruptcy Filed
Inspection Guess

**20**

JUNE 25

| | | | |
|---|---|---|---|
| 230615 12:00pm | Metropolitian Contracting LLC 223-225 Market St. | France Bowens 215-237-2633 | 228267 12:00pm |
| 231936 9AM | ANNYAH MOORE 5367 MORRIS ST given | (C) KML 215 825 6454 | 231609 9AM |
| 231900 9:00 | FATMATA BANGURA | Cancelled KRISTE LITTLE 610 278 6800 | 231583 9AM |
| 231566 9AM | UNKNOWN OCCUPANTS 146 S 62nd | Bankruptcy (N) HASAN Filed 484 557 1737 | 231777 9AM |
| 231718 9AM | DAWN CYRUS (PD) 2443 So. EDGEWOOD | (VM) TYShLaen HARGROVE 215 791 5751 | 232064 Lockout 10 |
| 231897 Lockout 10AM | TARA KENNEDY given 3645 N 19th | (N) SUNIL NUNEZ 973 953 7345 *973 986 9282 | 231904 Lockout 10 |
| | | | 228587 10:00 |

MOVE OUT – LOCK OUT – SEIZURE

ADDRESS: 146 S 62nd St

SHERIFF NUMBER: 231566

DEPUTY _____  DEPUTY _____

DATE & TIME: _____ @ _____

OCCUPANTS PRESENT: ☐ YES  ☐ NO

– 21-DAY NOTICE –

DATE & TIME POSTED: 5.10.18 @ 9:45am

DEPUTY: Taylor

CONTACT INFO: _____

ADDITIONAL DETAILS: _____

POSSESSION GIVEN TO: _____

PHONE NUMBER: _____

LOCKSMITH: _____

MOVING COMPANY: _____

ADDRESS: _____

PHONE NUMBER: _____

– FINAL NOTICE –

DATE & TIME POSTED: _____ @ 3:48pm

DEPUTY: Taylor

CONTACT INFO: _____

ADDITIONAL DETAILS: _____

STORAGE FACILITY: _____

ADDRESS: _____

PHONE NUMBER: _____

SCHEDULED EVICTION DATE: June 25th @ 9am

DEPUTY SIGNATURE: X _____

PLAINTIFF (REP): X _____

# FAX COVER SHEET

| | |
|---|---|
| TO | Sheriff |
| COMPANY | Sheriff |
| FAX NUMBER | 12156863971 |
| FROM | Stephen Dunne |
| DATE | 2018-05-08 22:25:14 GMT |
| RE | Notice of Bankruptcy Case Filing - Book/Writ 1707-5002 |

COVER MESSAGE

Please see Notice of Bankruptcy Case Filing for Lyndel Toppin, who resides at 146 S. 62nd Street, Philadelphia, PA 19145.

Book/Writ 1707-5002

Thank you.

Stephen M. Dunne, Esq.

United States Bankruptcy Court
Eastern District of Pennsylvania



## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s)
listed below was filed under Chapter 13 of the
United States Bankruptcy Code, entered on
05/08/2018 at 6:04 PM and filed on 05/08/2018.

Lyndel Toppin
146 S. 62nd Street
Philadelphia, PA 19145
SSN / ITIN: xxx-xx-2550

The case was filed by the debtor's attorney:

STEPHEN MATTHEW DUNNE
Dunne Law Offices, P.C.
1515 Market Street
Suite 1200
Philadelphia, PA 19102
U.S.A.
215-551-7109

The case was assigned case number 18-13098-mdc to Judge Magdeline D. Coleman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market
Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

Timothy B McGrath

To: Sheriff's Office    Page 1 of 2    2018-06-07 20:15:50 (GMT)    12156529420    From: Stephen Dunne

Case 18-00137-mdc    Doc 179-2    Filed 12/02/21    Entered 12/02/21 16:22:19    Desc
Exhibit Sheriffs Responses to Requests for Admission    Page 28 of 30

# FAX COVER SHEET

| TO | Sheriff'sOffice |
|---|---|
| COMPANY | Sheriff'sOffice |
| FAX NUMBER | 12156863555 |
| FROM | Stephen Dunne |
| DATE | 2018-06-07 20:01:07 GMT |
| RE | Notice of Bankruptcy Case Filing - 146 S. 62nd Street, Phila, PA  19145 |

## COVER MESSAGE

Please be advised that Lyndel Toppin filed a Chapter 13 bankruptcy case on 05/08/2018.

Name: Lyndel Toppin

Address: 146 S. 62nd Street, Philadelphia, PA 19145

231566

Live Database Area                                                                                Page 1 of 2

United States Bankruptcy Court
Eastern District of Pennsylvania

### Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s)
listed below was filed under Chapter 13 of the
United States Bankruptcy Code, entered on
05/08/2018 at 6:04 PM and filed on 05/08/2018.

**Lyndel Toppin**
146 S. 62nd Street
Philadelphia, PA 19145
SSN / ITIN: xxx-xx-2550

The case was filed by the debtor's attorney:

**STEPHEN MATTHEW DUNNE**
Dunne Law Offices, P.C.
1515 Market Street
Suite 1200
Philadelphia, PA 19102
U.S.A.
215-551-7109

The case was assigned case number 18-13098-mdc to Judge Magdeline D. Coleman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market
Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Timothy B McGrath**

# SHERIFF'S OFFICE OF PHILADELPHIA COUNTY

**Jewell Williams**
*Sheriff*

**Richard Verrecchio**
*Chief Inspector*

**Kevin Lamb**
*Chief Deputy*

**Robert Jackson**
*Chief of Staff*

CITY OF PHILADELPHIA
vs.
STANLEY ZALKIN AND ELEANOR ZALKIN

**Case Number**
1504T0192
(1707-5002)

## SHERIFF'S RETURN OF SERVICE

| | |
|---|---|
| 04/27/2017 | COURT DECREE, HANDBILL, LEGAL DESCRIPTION |
| 04/27/2017 | WRIT DATA VERIFIED BY TOMIKO VAUGHON |
| 07/06/2017 | AS DIRECTED BY GRB LAW, ATTORNEY FOR THE PLAINTIFF, SHERIFF'S SALE CONTINUED TO 9/7/2017 |
| 09/07/2017 | AS DIRECTED BY GRB LAW, ATTORNEY FOR THE PLAINTIFF, SHERIFF'S SALE CONTINUED TO 10/5/2017 |
| 10/05/2017 | REAL ESTATE SOLD AT SHERIFF'S SALE |
| 10/05/2017 | SALES RECEIPT DATA VERIFIED BY TOMIKO VAUGHON |
| 10/05/2017 | AUTOMATED DEED ASSIGNMENT PATRIOT LAND TRANSFER, LLC |
| 10/06/2017 | BUYER'S ACKNOWLEDGEMENT |
| 11/03/2017 | SHERIFF'S SETTLEMENT |
| 11/03/2017 | PRINTED ON NOVEMBER 03, 2017 BY MARK WILSON WITH TRACKING ID:  1509726459 |
| 11/09/2017 | REAL ESTATE:<br>ABDELDAYEM HASSAN<br>309 BARKER AVENUE<br>LANSDOWNE, PA 19050 |
| 05/08/2018 | DEFENDANT ATTORNEY |
| 05/09/2018 | BANKRUPTCY FILED IN SHERIFF'S OFFICE |
| 07/26/2018 | DART DISTRIBUTION POLICY REQUESTED FROM PATRIOT LAND TRANSFER, LLC (NOTED BY BADIA BEASLE) |
| 11/07/2018 | DISTRIBUTION POLICY RECECIVED FROM PATRIOT LAND TRANSFER, LLC (NOTED BY RICHARD VERRECCHIO) |

SHERIFF COST: $2,931.71

SO ANSWERS,

JEWELL WILLIAMS, SHERIFF

August 20, 2019

(c) CountySuite Sheriff, Teleosoft, Inc.